No. 24,552.

### H. C. WALLS, *Appellee*, v. EDGAR ZINC COMPANY, *Appellant*.

#### SYLLABUS BY THE COURT.

COMPENSATION ACT—*Various Assignments of Error Without Merit.* Various assignments of error in an action under the workmen's compensation act are held not to be well founded.

Appeal from Montgomery district court; JOSEPH D. HOLDREN, judge. Opinion filed June 9, 1923. Affirmed.

*J. A. Brady,* of Cherryvale, for the appellant.

*Sullivan Lomax,* of Cherryvale, for the appellee.

The opinion of the court was delivered by

MASON, J.: H. C. Walls recovered a judgment against the Edgar Zinc Company under the workmen's compensation act, by reason of an injury alleged to have been received October 30, 1920, and the defendant appeals.

A former action was begun for the same relief and dismissed on motion of the plaintiff. In that action no jury was demanded. In this case a jury trial was had at the instance of the plaintiff. The statute provides that "the right to trial by jury shall be deemed waived and the case tried by the court without a jury, unless either party shall within ten days after issues are joined demand a jury trial." (Laws 1917, ch. 226, § 20.) The defendant urges that because a jury was not demanded in the first case the second should have been tried without one. We hold that the statutory language quoted refers to the action and not to the claim or cause of action and that the waiver of the right to a jury in the suit first brought did not affect the right to demand one in the other, or at all events did not prevent the judge in his discretion from calling a jury.

The defendant complains of the refusal of its request for an arbitration made before the trial in the present case. There was evidence that before either action was begun the plaintiff served the defendant with a written statement (which included a notice of the accident and a demand for compensation) giving notice that he was willing to arbitrate, asking the suggestion of arbitrators within ten days, and saying in effect that an omission to reply would be interpreted as a refusal to arbitrate. No attention appears to have been paid to this notice. The plaintiff was therefore authorized to

bring suit and the subsequent request of the defendant for arbitration was unavailing. (*Southern v. Cement Co.,* 108 Kan. 213, 194 Pac. 637.)

There was evidence that X-ray pictures showed that at some previous time the plaintiff had a broken vertebra; that a picture made February 2, 1922, indicated that the fracture was then at least five years old—that the bone had grown together, and if it had grown in its normal position it would be very difficult to say there was a fracture. The defendant argues that the plaintiff's case hinges upon the question whether this fracture occurred in the course of his employment, that the evidence conclusively shows the contrary, and that therefore the judgment should be reversed. In answer to the question, "Is the plaintiff's disability the result of a fracture to the fifth lumbar vertebra or the result of torn muscles and ligaments," the jury answered: "Result of torn muscles and ligaments." They also answered "Don't know" to the question whether the plaintiff was suffering from a fracture to the fifth vertebra prior to November 30, 1920. These findings take the question of fracture out of the case as the cause of the disability and the question to be determined is whether the judgment can be sustained as one based upon an accidental injury consisting of torn muscles and ligaments. The defendant says there was no evidence of such an injury. The plaintiff testified that he had previously been sound and well; that while shoveling jack he felt a tear in his back which caused him great pain; that he was confined to his bed, and for 22 weeks could do no work. A doctor testified that his diagnosis from an examination was a tear of the ligaments connecting the fourth and fifth vertebræ, with some injury there to the tissues—that the injury was due entirely to torn muscles and ligaments. This was a sufficient basis for the finding. The same witness testified that later he saw X-ray pictures which changed his opinion in that he "was mistaken in not stating all the injury to the bones." This did not prevent the jury from concluding that the torn muscles and ligaments and not the old fracture was the cause of the plaintiff's present disability. The defendant argues that the plaintiff is bound by the evidence of his own witnesses and that the verdict and findings are inconsistent with some of this evidence. The testimony of witnesses (other than himself) called by the plaintiff was not necessarily absolutely conclusive as against him. The jury were the judges of its credibility and weight. (*Deering v. Cunningham,* 63 Kan. 174, 65 Pac. 263.)

The jury found that the plaintiff was totally incapacitated for 22 weeks, and was under a permanent partial disability to the extent of 75 per cent; and that his average weekly wage had been $15.75. They returned a general verdict for $2,593.95, which the court increased to $3,024.94. The increase is complained of, but is merely the result of computing the compensation under the statute as applied to the facts specially found.

The lump-sum judgment is objected to on the ground that the injury was not ascertainable by objective examination. It does not appear, however, that such was the fact. Complaint is made of the refusal of two requested instructions, but the instructions given sufficiently covered the matters to which they were addressed. One of those given is criticised as leading the jury to believe that the plaintiff might recover on account of broken bones even though they were incurred while not in the employ of the defendant. As the finding was that the disability was the result of torn muscles and ligaments the judgment cannot have been the result of a mistake on the part of the jury in this respect.

The plaintiff contends that under the evidence the judgment should have been rendered for a larger amount. He filed no motion for a new trial and the award can not now be changed by reference to testimony that has not been made the basis of a finding.

The judgment is affirmed.