No. 26,959.

MILDRED ENGLE, *Appellee,* v. G. A. BOWEN et al., *Appellants.*

SYLLABUS BY THE COURT.

MOTOR VEHICLES—*Liability for Injury—Negligence—Last Clear Chance—"Unavoidable Accident"—Excessive Verdict—Examination of Juror.* In an action for damages for personal injuries sustained by plaintiff when struck by an automobile driven by defendants' servant, the record is examined and it is *held:* (1) It was not error to give an instruction embodying the doctrine of the last clear chance; (2) the term "unavoidable accident" was sufficiently defined; (3) questions asked, by plaintiff's counsel, on the jurors *voir dire,* were not seriously objectionable; and (4) the verdict is not excessive.

Appeal from Sedgwick district court, division No. 3; GROVER PIERPONT, judge. Opinion filed January 8, 1927. Affirmed.

*Fred B. Stanley, Vincent F. Hiebsch, J. B. Patterson, P. K. Smith* and *D. O. Potts,* all of Wichita, for the appellants.

*T. A. Noftzger, George W. Cox, W. J. Masemore* and *R. L. Ne Smith,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for personal injuries which resulted from plaintiff's being struck by an automobile driven by a servant of the defendants. It was tried to a jury, there was a verdict and judgment for plaintiff upon two counts, one being for the personal injuries sustained and the other for expenses paid or incurred by reason thereof. The defendants have appealed.

Briefly the facts disclosed by the record are substantially as follows: The plaintiff, a young woman twenty-two years of age, was a student nurse in the Wesley Hospital at Wichita. About 5:30 o'clock in the afternoon of June 28, 1924, on her way home she was walking east along the north side of Second street and across the intersection of North Chautauqua avenue. As she started to cross the intersection she looked to see if any automobiles were close and saw none. She did not look back of her along Second street to see if there were cars, except to see if there were any close. She had proceeded across North Chautauqua avenue until within a foot or two of the curbing on the east side, perhaps was just stepping up on

Damages, L. R. A. 1915F 30; 8 R. C. L. 674; 2 R. C. L. 638. Juries, 35 C. J. p. 394 n. 34. Motor Vehicles, 28 Cyc. p. 49 n. 50. Negligence, 29 Cyc. pp. 652 n. 10; 655 n. 36.

the curbing, when she was struck by the automobile of defendants and seriously injured. Defendants' automobile was being driven by Elsie Schultz, in the employ of defendants as a maid, and on an errand for defendants. In the car with her were her sister, the two Bowen children, Bobbie, nine years of age, and a baby, and Janet Murdock, a neighbor girl, eleven years of age. There is a conflict in the testimony as to the speed at which defendants' car was being driven east along Second street and as it turned north into Chautauqua avenue, the testimony of plaintiff's witnesses tending to show that it was being driven at about twenty-five miles per hour, while that of defendants' witnesses tended to show that the speed was about twelve miles per hour. As Elsie Schultz was driving defendants' car east on Second street and approaching the intersection of North Chautauqua avenue there was a Ford roadster in which three young men were riding ahead of her going east along Second street. About the time the cars reached the intersection of North Chautauqua avenue Elsie Schultz attempted to drive past the Ford roadster. As she entered the street intersection her car was a little to the left of and the front portion of it almost even with, the rear part of the Ford roadster. Just after it passed the middle of the intersection the Ford started to turn to the left north into Chautauqua avenue. To avoid hitting the Ford car Elsie Schultz turned sharply north into Chautauqua avenue. The driver of the Ford after starting to turn, seeing defendants' car so close, turned back to the right in Second street and stopped in a short distance. As Elsie Schultz turned north into Chautauqua avenue, seeing that she was about to strike the plaintiff, and when her car was about ten feet from plaintiff, she let go of the steering wheel, threw up her hands and screamed. While most of the evidence is that the plaintiff did not do anything at that time which indicated that she saw defendants' car approaching her, there is testimony tending to show that plaintiff did see defendants' car just before she was struck, and either stopped or took a step backwards. The right front fender or wheel of defendants' car struck plaintiff's left foot, ankle and leg below the knee, dragging her between the car and the curb several feet, and seriously injured her. Defendants' car struck the east curb of Chautauqua avenue about ten feet north of the sidewalk on the north side of Second street and continued north on Chautauqua avenue nearly half a block, when it was stopped.

The negligence relied upon by plaintiff was that defendants' servant undertook to pass another automobile at an intersection and drove into the intersection and made the turn at a high rate of speed, in violation of an ordinance of the city. On this appeal it is not contended that this negligence was not established. There was a defense of contributory negligence.

Appellants first contend that the court erred in giving an instruction on the doctrine of the last clear chance. There was no reason for giving that instruction in this case. Ordinarily when one relies on the doctrine of last clear chance it should be pleaded (*Drown v. Traction Co.*, 76 Ohio St. 234), but testimony may arise in the case which would make the doctrine applicable though it were not specifically pleaded, and in such event the court would not err in instructing on it. Here the defendants' contention, while not urged in those words, is that there was evidence tending to show that plaintiff was negligent in that she did not make a sufficient lookout for approaching cars while crossing the intersection, and that plaintiff saw the car just before it struck her and neglected to go forward, which action would have enabled her to avoid injury, or that she negligently took a step backward which placed her in a position of danger. Plaintiff's answer to that is that even if that be true, under the evidence, defendants' servant could easily have guided the car to the left enough to have missed plaintiff after plaintiff was seen to be in a perilous situation from which she did not have time or notice to extricate herself, but instead of doing so that defendants' servant let go of the steering wheel and permitted the car to run into plaintiff. Here was a new act of negligence of defendants' servant which plaintiff contends justified giving the instruction. In view of this rather close analysis of the situation by the respective parties, we do not regard the instruction as being prejudicially erroneous.

Appellants contend that the court erred in refusing to give an instruction defining an unavoidable accident. On this point the court told the jury:

"You are further instructed that if you should find from the evidence that the occurrence in question was a pure accident, for which no one was responsible, you will not allow damages, but will merely return a, verdict for the defendants."

The term, "a pure accident, for which no one was responsible,"

as used in the above instruction, was for this case an appropriate and sufficient definition of the term "unavoidable accident."

Plaintiff's counsel asked the jurors, on their *voir dire*, "Are you a stockholder in any insurance company that insures liability on automobiles?" and "Are you a director in any insurance company of that kind?" Defendants' objection to these questions were overruled, and they complain of that ruling. Questions of this character are proper if asked in good faith for determining the qualifications of a prospective juror, and the good faith of such an inquiry is to be determined by the trial court. (*Howard v. Motor Co.*, 106 Kan. 775, 190 Pac. 11; *Smith v. Ice and Delivery Co.*, 117 Kan. 485, 490, 232 Pac. 603.)

There was no suggestion by plaintiff's counsel at any time in the trial of this case that defendants carried indemnity insurance. Hence, authorities relied upon by appellants are not in point.

It was awkward and seems useless, after learning that the juror was not a stockholder of such a company, to ask if he were a director of such a company; for ordinarily one may not be a director of a company without being a stockholder thereof. But, even that question did not intimate that the defendants were insured, and the good faith of the inquiry was for the determination of the trial court.

Lastly, it is contended that the verdict on the first cause of action is excessive. While it is large, it is not sufficiently so to justify this court in adjudging it to be excessive. The plaintiff was seriously and permanently injured; she was confined to the hospital about five months and suffered much pain, which was not entirely gone at the time of the trial. It is not necessary to detail these injuries. We have carefully considered all counsel say on this question and conclude that the point is not well taken.

The judgment of the court below is affirmed.