No. 36,115

ELWIN G. FRAZIER, *Appellee*, v. ROYAL LIFE & CASUALTY ASSOCIATION, *Appellant*.

(148 P. 2d 503)

Opinion filed May 6, 1944.

*Melvin E. Buck,* of Kansas City, argued the cause for the appellant.

*Leonard O. Thomas,* of Kansas City, argued the cause, and *Arthur J. Stanley, Arthur J. Stanley, Jr., J. E. Schroeder* and *Lee E. Weeks,* all of Kansas City, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was an action to recover disability benefits under a health and accident policy dated October 28, 1940. It was initiated by the filing of a bill of particulars in the city court of Kansas City, May 8, 1943, where plaintiff recovered judgment. Defendant appealed.

A day or two before the trial in the district court defendant filed an answer in which it alleged that plaintiff's accidental injury occurred while the policy was in default; that plaintiff paid the premiums at the home office up to and prior to September 15, 1942; that another monthly premium due on that date was not paid until September 24 and that plaintiff was injured on September 23; and that defendant had disallowed the claim because of the fact that plaintiff was in default at the time of his injury. By leave of court plaintiff amended his bill of particulars, alleging "That by reason of a custom established the defendant waived payment of the

premiums on the due date." The case went to a jury trial on this issue. The evidence disclosed that because of the time in the month plaintiff received payment where he worked his premiums were paid late uniformly. The payments for some months were made to a collector, but thereafter were made directly to the home office of the defendant; that in fact the payments continued to be made by plaintiff and accepted by defendant up to the date that suit was brought on the policy. The trial court gave proper instructions upon the question as to mutual waiver of the date of paying premiums in accord with *Ellis v. Fraternal Aid Union,* 108 Kan. 819, 197 Pac. 189, syl. ¶ 3. No objections were made to the instructions when given, and none is made in this court. The instructions became the law of the case. A verdict was rendered for plaintiff, which was approved by the trial court, and defendant has appealed.

In this court appellant's abstract is not certified and contains no assignments of error. In its brief it is stated that the question is whether plaintiff should be allowed to recover on the disability provisions of the policy when he has failed to pay the premiums within the period provided by the policy. Under the record in this case we think appellant is not in position to present that question. On behalf of appellant it is argued that evidence of a waiver is incompetent in the absence of a pleading of waiver. Of course, the answer to that is that the waiver was pleaded, a fact not disclosed by appellant's abstract, and the question was thoroughly tried out. There is no occasion to state all parts of the record with respect thereto.

The court allowed plaintiff a sum as an attorney fee. Defendant complains of that, not because the amount is unreasonable, but on the ground that no statute authorizes it. We think G. S. 1935, 40-256, authorizes the allowance of the fee, and that under G. S. 1935, 40-201, defendant is not in position to contend that it is not liable.

We find no error in the record. The judgment of the court below is affirmed.