No. 38,625

A. Emerson Stoskopf, *Appellant,* v. John F. Stoskopf, Jr., *Appellee.*

(245 P. 2d 1180)

Opinion filed July 3, 1952.

*W. R. Martin,* of Wichita, argued the cause, and *George B. Collins, C. L. Williams, Oliver H. Hughes,* and *Kenneth W. Pringle,* all of Wichita, and *Melvin O. Nuss* and *Vernon L. Nuss,* both of Great Bend, were with him on the briefs for the appellant.

*Louis R. Gates,* of Kansas City, argued the cause, and *Barton Carothers,* of Great Bend, was with him on the briefs for the appellee.

The opinion of the court was delivered by

Harvey, C. J.: This was a suit in equity in which plaintiff sought to establish and enforce an alleged oral agreement between himself and defendant respecting the acquiring and operating of a certain oil and gas lease. Issues were formed by the pleadings and the trial was had by the court, at which testimony was given and documentary evidence received for three days. The evidence was sharply in conflict as to whether the oral agreement relied upon by plaintiff was ever made. The court considered all of the evidence and made findings of fact and conclusions of law and rendered judgment for defendant.

Plaintiff filed a motion for a new trial, one ground of which was the alleged perjury of defendant. At the hearing of that motion the plaintiff called numerous witnesses, most of whom had testified at the trial. While the court might have sustained defendant's objections to this testimony on the ground that it was not newly discovered, or that it was otherwise incompetent or immaterial, the court did not do so, but heard all the evidence tendered on plaintiff's behalf. After considering this evidence the motion for a new trial was overruled, and plaintiff has appealed.

The sole question presented here is the contention upon the part of appellant that a motion for a new trial should have been granted because of the perjury of defendant.

It is well settled in our law and elsewhere that the triers of the facts are the exclusive judges of the credibility of witnesses and the weight to be given to their testimony. In 64 C. J. 348, the rule is thus stated:

"The credibility of witnesses and the weight to be given to their testimony is, in civil cases tried to a jury, a question to be determined by them; . . ." (Citing scores of cases from federal and state courts.)

In *Shellabarger v. Nafus,* 15 Kan. 547 (1875), it was held:

"It is the province of the jury to determine the credibility of witnesses, and the weight of their testimony; . . ."

In *Walls v. Zinc Co.,* 113 Kan. 700, 701, 216 Pac. 308, it was said:

"The testimony of witnesses (other than himself) called by the plaintiff was not necessarily absolutely conclusive as against him. The jury were the judges of its credibility and weight, (*Deering v. Cunningham,* 63 Kan. 174, 65 Pac. 263.)"

In *Greiner v. Greiner,* 130 Kan. 333, 335, 286 Pac. 219, after summarizing the evidence, the court said:

"That testimony with all the inferences fairly and reasonably to be deduced from them, was enough to carry the case to the jury, and the credibility of witnesses as well as the weight and effect of the evidence are, of course, matters for the determination of the jury."

In *State v. Martin,* 155 Kan. 801, 805, 130 P. 2d 601, the court said:

"It is not our function to weigh conflicting evidence or to pass upon the credibility of witnesses." (Citing cases.)

See, also, 53 Am. Jur. 780, § 1123:

"The trial judge in a trial to the court performs a dual function: he must adopt rules of law for his guidance and find the facts as guided by those rules. . . . The question of the credibility of witnesses is addressed to the court sitting as a jury, . . ."

And in 58 Am. Jur. 491, it is said:

"Of course the trial judge determines the credibility of witnesses in nonjury trials."

Indeed, our statute (G. S. 1949, 60-2929) so provides. It reads:

"The provisions of this article respecting trials by jury apply, so far as they are in their nature applicable, to trials by the court."

This court passes only upon the question of whether there was sufficient competent evidence to sustain the judgment of the trial

court. In this case it is not contended the evidence on defendant's behalf, if believed by the court, was insufficient to sustain the judgment of the court. The result is that the appeal presents no legal question to this court for review.

The appeal, therefore, is dismissed.