No. 39,848

G. M. Calnon and Harold Keller, by Myrle Keller, his father and next friend, *Appellants*, v. Klifton Cook, *Appellee*.

(289 P. 2d 781)

Opinion filed November 12, 1955.

*D. H. Postlethwaite,* of St. Francis, argued the cause and was on the briefs for the appellants.

*Robert E. Alsup,* of St. Francis, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Smith, J.: In this action plaintiffs sued to recover damages alleged to have been sustained when a truck being driven by the defendant ran into and killed a horse owned by plaintiffs. Judgment was for the defendant. Plaintiffs have appealed.

The petition alleged, the plaintiffs were the owners of a trained roping horse and at a place described the defendant drove his Chevrolet truck against the horse, killing it; that it was being ridden by a young man who was driving cattle along the road; that the cattle filled the road and approach to a bridge so that vehicles could proceed through the herd only at a very slow pace; that the rider of the horse signaled defendant to stop his truck by

throwing up his hand to prevent him from running his truck into the horse and the cattle; that defendant was negligent in that he did not have his vehicle under control; that he did not stop, as required by G. S. 1949, 8-123; that he was traveling at a speed greater than was reasonable and prudent under the conditions then existing and in violation of G. S. 1949, 8-532; that the horse was killed as a result of this negligence and was reasonably worth $500. Judgment was prayed in that amount.

Defendant answered that at the time and place the highway was completely blocked by cattle; that the point of collision was visible to a vehicle approaching from the south about a quarter of a mile; that there were no flagmen or other warning that the highway was blocked; that defendant was driving at thirty or thirty-five miles an hour when he came around the curve; that his truck was loaded with wheat; that when defendant saw the road blocked with cattle he immediately applied his brakes; that they did not hold because of the failure of the master brake cylinder; that he began shifting his truck to the lowest possible gear to decrease its speed and began honking his horn; defendant and his wife began waving; that he searched for an opening through the cattle; that the rider of the horse saw defendant's truck approaching; heard the noise and saw defendant and his wife wave, and notwithstanding placed his horse directly across the highway in front of defendant's truck; that prior to that time defendant had used his brakes and they had been in good working order; that the left front of defendant's truck box caught plaintiffs' horse, shoving it across the highway.

The answer alleged defendant was not negligent and alleged that if the collision resulted from negligence it was that of the rider of the horse. The reply was a general denial.

The jury answered special questions to the effect that the rider of the horse and the others helping him to drive cattle upon the roadway at the one place where the accident occurred were guilty of negligence, that was the proximate cause of the injury and that the defendant was not guilty of negligence.

Plaintiffs' motion to set aside the answers on the ground they were unsupported by the evidence was overruled. They moved for a new trial on the ground of abuse of discretion; misconduct of the jury; misconduct of the prevailing party; accident and surprise which ordinary prudence could not have guarded against; verdict given under the influence of passion and prejudice; plaintiffs were

not afforded a reasonable opportunity to present their evidence; erroneous rulings of the court; erroneous instructions given by the court; verdict was in whole or in part contrary to the evidence; newly discovered evidence, which could not with reasonable diligence have been discovered and produced at the trial; and the verdict was produced by corruption of the prevailing party.

This motion was overruled.

The plaintiffs at the time of defendant's evidence demurred to it and moved for a directed verdict on the ground it was not sufficient to constitute a defense to plaintiffs' cause of action. This was also overruled. The general verdict of the jury was in favor of the defendant.

The specifications of error are the court erred in overruling appellants' demurrer to the defendant's evidence; in overruling appellants' motion for a directed verdict; in giving instruction number 12 to the jury; in overruling appellants' motion to set aside the answers to special questions; and in overruling appellants' motion for a new trial.

Plaintiffs argue first that when defendant admitted he could see the horse 560 feet away and that he had no brakes it was his duty to take to the ditch rather than come on down the road and these admissions convicted him of negligence as a matter of law. Hence plaintiffs' demurrer to the evidence of the defendant should have been sustained.

One trouble about that argument is, that the burden was on the plaintiffs to prove the negligence of the defendant. There was no burden on the defendant other than to prove that as he had alleged the plaintiffs were guilty of contributory negligence. G. S. 1949, 60-2909, 3rd par., provides for the order of a trial; that when the party upon whom rests the burden of the issues has closed his evidence, the other party may interpose a demurrer thereto on the ground that no cause of action has been proved. When this demurrer to the evidence was interposed by plaintiffs, the defendant had rested his case but the question of negligence of the defendant was still a matter to be submitted to the jury. The defendant had no burden of proof as to that question.

The evidence of both parties was to the effect that the rider of plaintiffs' horse saw defendant coming toward the herd of cattle. Both parties were signaling to each other with their hands. It seems reasonable the jury might conclude the rider did not exercise the

care of an ordinary reasonable man when he remained on his horse in the path of the oncoming truck as it came on when only a slight shift in position would have enabled him to avoid it. It was certainly a jury question and the evidence on it would in and of itself be good against a demurrer to the evidence. Furthermore, the jury found in answer to a special question the rider of plaintiffs' horse was guilty of negligence, which was the proximate cause of the accident. That was sufficient to defeat plaintiffs' recovery.

Casting aside for a moment the argument on the plaintiffs' demurrer to defendant's evidence, there is another reason why this judgment cannot be reversed. The plaintiffs had the burden of proving in the first place that the defendant was guilty of negligence. The jury found the defendant was not guilty of any negligence. Plaintiffs argue the failure of defendant's brakes to work at that particular time and place constituted negligence as a matter of law. There was substantial evidence that just a few minutes before the collision, with which we are dealing, defendant had driven down several grades and turned several corners and the brakes on the truck had worked. It was not until he was confronted with this herd of cattle in the road ahead of him and he attempted to use his brakes that he discovered they were not working. There was also evidence that master brakes, such as those with which this truck was equipped, go out suddenly and without warning. The evidence is not entirely clear as to the part defendant's emergency brakes played in the accident. However all the surrounding facts and circumstances upon which reasonable minds might differ as to defendant's negligence were sufficient to warrant the question being submitted to the jury.

Plaintiffs next argue that the trial court erred in giving instruction on unavoidable accident.

The conclusion we have reached as to the findings of the jury that the rider of the horse was guilty of negligence, which was the proximate cause of the injury, and that the defendant was not guilty of any negligence, makes it unnecessary to deal with this argument. The plaintiffs could not have been prejudiced thereby.

The judgment of the trial court is affirmed.