No. 40,446

George W. Stephenson, *Appellant,* v. Walter W. Wallis, *Appellee.*

(311 P. 2d 855)

Opinion filed May 11, 1957.

*John W. Sowers,* of Wichita, argued the cause and *Clarence R. Sowers,* of Wichita, was with him on the briefs for the appellant.

*Robert C. Foulston,* of Wichita, argued the cause and *George B. Powers, Carl T. Smith, John F. Eberhardt, Samuel E. Bartlett, Stuart R. Carter, Malcolm Miller, Robert N. Partridge, Robert M. Siefkin, Richard C. Harris,* and *Gerald Sawatzky,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HALL, J.: This appeal arises out of an action to recover for personal injuries resulting from an automobile collision.

This case was tried to a jury which returned a verdict for the defendant. The plaintiff thereafter filed his motion for a new trial which was overruled and this appeal is taken from the verdict of the jury and the judgment of the court overruling plaintiff's motion for new trial. The essential facts are not in dispute but the following summary is necessary in order to comprehend the issues of the appeal.

The accident occurred on December 23, 1952, at approximately 3:45 p. m. at the intersection of First Street and Emporia Avenue in Wichita. The plaintiff was proceeding east on First Street and had stopped his automobile at the intersection to obey a red signal light. The plaintiff's automobile was followed by an automobile driven by a Reverend Irving O. Conradson. The red light changed and Conradson was coming to a stop behind the plaintiff when the defendant's automobile ran into the rear end of the Reverend's automobile and pushed it into the rear end of plaintiff's automobile. Conradson was not injured in the collision. The damage to plaintiff's automobile was light. He repaired his own automobile and made no claim for property damage in the lawsuit.

At the conclusion of the evidence, the court instructed the jury and the jury answered the following special questions:

"1. Was the defendant Walter W. Wallis guilty of any act or acts of negligence which were the proximate cause of the collision in question.

"Answer: No.

"2. If you answer Question 1, 'yes', state what such act or acts of negligence were.

"Answer: (No answer.)

"3. Was the collision in question the result of an unavoidable accident?

"Answer: Yes."

In accordance with the verdict of the jury, judgment was entered for the defendant. A motion for new trial was filed and overruled.

Plaintiff appeals and makes three specifications of error.

His principal contention is that the verdict of the jury was contrary to the evidence and the court erred in overruling his motion for new trial on this ground.

To substantiate this contention, plaintiff really only brings one point to the attention of the court which is best summarized in the following testimony of the defendant Walter W. Wallis.

"Q. Speak a little louder, please.

"A. I made a stop at the stop light at Topeka on First Street, going east; then after the light changed I went on and at about the alley there, just before you strike the 'Y'—the old Y. M. C. A., is when this accident occurred. *I put my foot on the brake and slipped off* and this car in front of me, I bumped this preacher's car.

"Q. Do you know approximately how fast you were going at that time?

"A. In my opinion, I was going about 12 or 15 miles per hour.

"Q. Did you have your foot on the brake, sir?

"A. Yes, sir.

"Q. You think you had your foot on the brake immediately prior to the accident?

"A. Yes, sir.

"Q. And how did it slip off?

"A. Well, it just slipped. That's all. Putting pressure on, it slipped. I was probably out a little to the edge. Anyway, it slipped."

On cross-examination, the defendant further said:

"Q. Then when did you first see it (Stephenson's car)?

"A. When I was in the neighborhood of twenty feet behind it. That isn't when I first saw the car; that is when I applied my brake and my foot slipped. Yes, sir.

"Q. Does your foot usually slip off of your brake?

"A. Not very often.

"Q. About how many times does your foot slip off your brake a week or year?

"A. That has probably been the only time in thirty-five years of driving."

Plaintiff contends that defendant's testimony that "his foot slipped off the brake" established his negligence as the sole and proximate cause of plaintiff's damages as a matter of law. Plaintiff cites the following cases in support of his contention: *Eldredge v. Sargent,* 150 Kan. 824, 96 P. 2d 870; *Jones v. Atchison, T. & S. F. Rly. Co.,* 129 Kan. 314, 282 Pac. 593; *Berry v. Weeks,* 146 Kan. 969, 73 P. 2d 1086; *Leathers v. Dillon,* 156 Kan. 132, 131 P. 2d 668; *Wright v. Nat'l Mutual Cas. Co.,* 155 Kan. 728, 129 P. 2d 271; *Kansas Transport Company v. Browning,* 219 F. 2d 890; and *Bottenberg Implement Co. v. Sheffield,* 171 Kan. 67, 229 P. 2d 1004.

These authorities do not fully substantiate plaintiff's claim. They are essentially decisive on other issues.

A foot slipping off a brake has been determined to be a jury question and not negligence as a matter of law.

In the case of *Strauch v. Bieloh,* 16 Cal. App. 2d 278, 60 P. 2d 582, the court said:

". . . Even though her foot did slip from the brake in trying to apply it in an emergency, that does not prove that she was negligent in that regard. It merely indicates that she saw the emergency and was trying to avoid it."

While this court has never decided this specific point, it has held that the failure of brakes to hold at the time of an accident did not constitute negligence as a matter of law. In *Calnon v. Cook,* 178 Kan. 517, 289 P. 2d 731, the court said:

". . . Plaintiffs argue the failure of defendant's brakes to work at that particular time and place constituted negligence as a matter of law. There was substantial evidence that just a few minutes before the collision, with which we are dealing, defendant had driven down several grades and turned several corners and the brakes on the truck had worked. It was not until he was confronted with this herd of cattle in the road ahead of him and he attempted to use his brakes that he discovered they were not working. There was also evidence that master brakes, such as those with which this truck was equipped, go out suddenly and without warning. The evidence is not entirely clear as to the part defendant's emergency brakes played in the accident. However all the surrounding facts and circumstances upon which reasonable minds might differ as to defendant's negligence were sufficient to warrant the question being submitted to the jury." (p. 520.)

These decisions are in line with the general rule that the defendant's negligence in the operation of a motor vehicle is a question for the jury. Where there is a reasonable doubt as to the facts or as to the inference to be drawn from them; *i. e.,* where reasonable men may differ as to the existence of such negligence, negligence in the

management and control of an automobile just prior to an accident is likewise a jury question. See 5 Am. Jur., Automobiles, § 673.

In this case the defendant was not guilty of negligence as a matter of law because "his foot slipped off the brake" and the court was correct in submitting the question of negligence to the jury and in upholding its verdict.

Plaintiff also contends the court should have sustained his motion for new trial on other grounds. We have made an examination of the entire record before us and find no reversible error. There is no showing plaintiff moved to set aside the answers to the special questions.

In its first question, the jury found that the defendant was not guilty of any act or acts of negligence which were the proximate cause of the collision. There was substantial and competent evidence to support the jury's finding.

This court cannot concern itself with the weight of the evidence. Although plaintiff makes no contention that the court abused its discretion, it is obvious that if we were to sustain his position we would have to test the credibility of the witnesses, weigh the evidence, and assume the position of the trier of the facts which we have heretofore decided is the very thing our long line of decisions hold we cannot do. (*Dunn v. Madden,* 109 Kan. 94, 197 Pac. 1116; *Stoskopf v. Stoskopf,* 173 Kan. 244, 245 P. 2d 1180; *Smith v. Wichita Transportation Corp.,* 179 Kan. 8, 293 P. 2d 242.) In *Dunn v. Madden,* supra, the court said:

". . . The rule consistently followed in this court for more than a half century is that this court on appeal cannot weigh conflicting evidence nor pass upon the credibility of witnesses. That is the function of the jury who are in a better attitude than this court to determine these questions. We cannot set aside the finding of a jury based on conflicting testimony because of the greater number of witnesses who gave adverse testimony nor because the evidence in record form may seem to us to preponderate against the finding. . . ." (pp. 95 and 96.)

In the third question the jury was also justified under the instructions in finding that the collision was the result of an unavoidable accident. The court instructed the jury on "unavoidable accident." Plaintiff made no objection to this instruction and under the well settled rule of this jurisdiction the instruction became the law of the case (*Frazier v. Royal Life & Cas. Ass'n.,* 158 Kan. 533, 148 P. 2d 503; *Kerby v. Hiesterman,* 162 Kan. 490, 178 P. 2d 194; *Baker v. Maguire's, Inc.,* 176 Kan. 579, 272 P. 2d 739; *Bishop v. Huffman,* 177 Kan. 256, 278 P. 2d 588).

The instruction was not erroneous as a matter of law and within the exception of the above rule. (*Sams v. Commercial Standard Ins. Co.*, 157 Kan. 278, 139 P. 2d 859; *Engle v. Bowen*, 122 Kan. 283, 251 Pac. 1108; *In re Estate of Erwin*, 170 Kan. 728, 228 P. 2d 739; *Byas v. Dodge City Rendering Co.*, 177 Kan. 337, 279 P. 2d 252.)

In cases such as these, the jury is the trier of the facts and not this court. It made its verdict and the trial judge approved its verdict. From the record before us we are not justified in substituting our judgment for that of the jury. We find no reversible error.

The judgment is affirmed.