No. 41,720

In the Matter of the Estate of Otis E. Cross, Deceased. (ALYCE M. WEST [Claimant], *Appellant,* v. MARY CROSS, Administratrix, *Appellee.*)

(352 P. 2d 427)

Opinion filed May 14, 1960.

*Keith Eales* and *L. M. Kagey,* both of Wichita, argued the cause and were on the briefs for the appellant.

*Robert C. Foulston* and *Donald L. Cordes,* both of Wichita, argued the cause, and *George B. Powers; Carl T. Smith; John F. Eberhardt; Stuart R. Carter; Malcolm Miller; Robert N. Partridge; Robert M. Siefkin; Richard C. Harris; Anthony T. Dealy; Gerald Sawatzky;* and *Robert L. Howard,* all of Wichita, were with them on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This action originated in the probate court with the filing of a petition, in the nature of a claim, to recover damages from the estate of a decedent for personal injuries alleged to have been sustained by the plaintiff (claimant), Alyce M. West, when a motor vehicle driven by the decedent, Otis E. Cross, collided with the rear-end of her automobile at the approach to a street intersection in the city of Wichita on the afternoon of April 30, 1957. Pursuant to a request, included in the petition, the cause, as authorized by statute (G. S. 1949, 59-2402a) was transferred to the district court where all subsequent proceedings were had. There a trial by jury resulted in a verdict and judgment in favor of the decedent's estate and the plaintiff appeals.

The pleadings identify the parties, outline the existing factual situation and contain much that is necessary and essential to a proper disposition of the appellate issues involved. Therefore,

omitting formal averments, inconsequential allegations, and prayers for relief, we quote and summarize therefrom at length.

The petition reads:

"1. Claimant is a resident of Sedgwick County, Kansas, and her correct post-office address is: 2725 West Pawnee, Wichita, Kansas.

"2. Mary Cross, who is a resident of Sedgwick County, Kansas, and whose correct post-office address is: 3201 Penley Drive, Wichita, Kansas, is the duly appointed, qualified and acting administrator of the estate of Otis E. Cross, deceased, who died on August 30, 1957, a resident and citizen of Sedgwick County, Kansas.

"3. On or about April 30, 1957, at or about 1:30 p. m., a collision occurred between an automobile owned and operated by claimant, and a panel delivery truck owned and operated by the deceased, . . .

"4. Claimant . . . was proceeding East on 13th Street in the City. of Wichita, and stopped her vehicle approximately six car-lengths West of the intersection of 13th Street and Mosley Avenue in said City. Several automobiles, . . . were halted immediately in front of claimant. . . . Plaintiff had brought her vehicle to a full stop and remained stationary . . ., when the rear of her automobile was struck with great force and violence by the truck operated by the deceased."

Paragraph 5 of such pleading asserts that the force of the impact impelled claimant's vehicle into the rear of another automobile with such force and violence as to cause injuries to her head, neck, knees, shoulders, legs and arms.

Paragraph 6 charges that the collision and injuries were the direct and proximate consequence of the decedent's negligent conduct (a) in following plaintiff's car more closely than was reasonable and prudent; (b) in failing to bring his vehicle to a stop prior to the collision; (c) in operating his vehicle at a speed greater than was reasonable, safe and proper; and (d) in operating his vehicle with defective and unsafe brakes, contrary to described Ordinances of the City of Wichita.

Paragraphs 7, 8 and 9 detail at length the nature and extent of the injuries and the damages claimed to have been sustained by plaintiff as the result of the accident.

The answer of the defendant (administratrix) contains a general denial; admits the accident happened at the alleged time and place; denies Otis Cross was guilty of any of the acts of negligence charged in the petition; alleges the accident was an unavoidable one and brought about by the sudden, unexpected mechanical failure of the brakes on the vehicle driven by such decedent; and

denies plaintiff sustained injuries of the nature or to the extent alleged in her petition.

The reply denies adverse allegations of the answer.

After a full and complete trial on issues joined as related the cause was submitted, under written instructions, to the jury which returned a general verdict for the defendant along with its answers to special questions, to which no objections were made at the time of their submission. Such questions and answers read:

"1. Was decedent guilty of negligence which was a cause of the collision? Answer: No.

"2. If you answer question number 1 in the affirmative, then state the act or acts of negligence you find against the decedent, Otis E. Cross. Answer:

. . .

"3. Was the collision the result of an unavoidable accident? Answer: Yes."

Following action as indicated the jury was polled and, after each juror had answered that the verdict and answers to the special questions were his or her individual verdict and answers to the special questions, was discharged. Subsequently, and in due time, plaintiff filed a motion for a new trial and a motion to set aside the answers to the special questions. Thereafter, and when these motions were overruled, the trial court approved the general verdict and the answers to special questions and then rendered judgment against the plaintiff and in favor of the defendant. Thereupon plaintiff gave notice of her appeal to this court where, under proper specifications of error, she is now entitled to review and disposition of the questions hereinafter to be considered and discussed.

At the outset the issues involved will be simplified by reference to several matters, beyond dispute, which will now be noted.

This is a case where the unfortunate accident in question is not claimed to have been caused by any negligence on the part of the appellant (claimant).

Although all negligence charged in the petition is denied, appellee admits the action resulted from decedent (Cross) colliding with the rear-end of appellant's automobile; and the principal defense relied on by appellee is that such accident is an unavoidable one and brought about by the sudden unexpected mechanical failure of the brakes of the vehicle driven by the decedent.

All arguments advanced by the parties with respect to negligence on the part of the decedent hinge around, and are limited to, ques-

tions pertaining to the alleged operation of decedent's truck with defective or unsafe brakes.

The established law of this state is that the failure of brakes to hold or work at the time of an accident does not constitute negligence as a matter of law. See *Calnon v. Cook*, 178 Kan. 517, 289 P. 2d 731, where it is said:

". . . Plaintiffs argue the failure of defendant's brakes to work at that particular time and place constituted negligence as a matter of law. There was substantial evidence that just a few minutes before the collision, with which we are dealing, defendant had driven down several grades and turned several corners and the brakes on the truck had worked. It was not until he was confronted with this herd of cattle in the road ahead of him and he attempted to use his brakes that he discovered they were not working. There was also evidence that master brakes, such as those with which this truck was equipped, go out suddenly and without warning. The evidence is not entirely clear as to the part defendant's emergency brakes played in the accident. However all the surrounding facts and circumstances upon which reasonable minds might differ as to defendant's negligence were sufficient to warrant the question being submitted to the jury." (p. 520.)

See, also, *Stephenson v. Wallis*, 181 Kan. 254, 311 P. 2d 355, where the foregoing portion of the Calnon case is quoted with approval and it is said and held:

"These decisions are in line with the general rule that the defendant's negligence in the operation of a motor vehicle is a question for the jury. Where there is a reasonable doubt as to the facts or as to the inference to be drawn from them; *i. e.*, where reasonable men may differ as to the existence of such negligence, negligence in the management and control of an automobile just prior to an accident is likewise a jury question. See 5 Am. Jur., Automobiles, § 673.

"In this case the defendant was not guilty of negligence as a matter of law because 'his foot slipped off the brake' and the court was correct in submitting the question of negligence to the jury and in upholding its verdict." (pp. 257, 258.)

Moreover, in this case, the jury was specifically advised as to the law governing its consideration of the issues and evidence relating to the failure of the truck brakes to hold just prior to the accident. Instruction No. 5 reads:

"The mere failure of brakes on a vehicle is not sufficient to make the driver liable in negligence. In addition, it must appear that the driver knew, or in the exercise of reasonable care should have known that the brakes were defective and yet continued to operate the vehicle after he knew or should have known of that fact."

Appellant made no objection to the foregoing instruction and no additional instructions on the subject were requested hence, under our decisions (*Stephenson v. Wallis*, Syl. ¶ 3, *supra; Dixon & Ebert Co. v. Hicks*, 181 Kan. 953, 317 P. 2d 407; *Kitchen v. Lasley Co.*, 186 Kan. 24, 348 P. 2d 588; *Jukes v. North American Van Lines, Inc.*, 181 Kan. 12, Syl. ¶ 7, 309 P. 2d 692), such instruction became the law of the case.

It may now be stated that the principal claim of error advanced by appellant is that the verdict and judgment are contrary to all the evidence. In arguments advanced on this point appellant insists there is no evidence whatsoever to support the verdict or the answers to special questions. In this connection she argues that there was no evidence of a sudden, unexpected brake failure and that the evidence required a finding by the jury to the effect the decedent was negligent in operating his truck with inadequate brakes. These claims must, of course, be examined in the light of the elementary and universal rule that if a verdict or the findings of fact are supported by evidence they will not be disturbed on appeal. See the numerous decisions cited in West's Kansas Digest, Appeal & Error, §§ 1001 to 1013, incl.; Hatcher's Kansas Digest [Rev. Ed.], Appeal & Error, §§ 495 to 508, incl.

After a careful and painstaking examination of a lengthy record we find evidence, which does not appear to have been objected to when admitted by the trial court and is not now complained of, to the effect that before crossing the railroad tracks decedent was driving at a speed of 20 miles per hour; and that while crossing the tracks, and just prior to the accident, the truck was traveling probably under 10 miles per hour; that decedent saw appellant's automobile some 50 feet ahead and that, after bouncing over a series of bumpy railroad tracks and over what was described as a very rough road, he attempted to apply the brakes but they failed to hold; that immediately after the accident, in the heat of excitement, decedent repeatedly exclaimed that he had hit the brakes, but they just failed; that after he kept working on them they finally took hold, but only after it was too late to stop; and that the brakes had been working alright earlier that day and all the rest of the time.

We also find evidence by a disinterested witness that just prior to the accident the decedent was seen "rared" back in his seat; testimony by a bookkeeper employed in the decedent's business, who was familiar with the truck, to the effect the brakes on that vehicle

had been repaired only two weeks before the accident and that she knew of no trouble with them between that time and the time of the collision. And testimony by a qualified and experienced brake expert who, also without objection, testified that sudden, unexpected brake failures in hydraulic systems, wi'h which we pause to note decedent's vehicle was equipped, are not unusual; that such witness, in his business, had had occasion to deal with hydraulic brakes where the operator reported the brakes failed without warning and had experienced such sudden failures as often as two or three times within a ninety day period; and from his experience knew that it was possible for a hydraulic brake system to work properly and then suddenly fail without warning to the driver.

In the face of the foregoing evidence, and without burdening our reports with the details of other testimony of like import, we are forced to conclude the record discloses sufficient evidence to sustain the general verdict and the jury's answers to the two special questions. It follows her contentions the verdict and judgment are contrary to all the evidence cannot be sustained and that her additional claim there was no evidence of a sudden, unexpected brake failure lacks merit and cannot be upheld. Indeed, any conclusion to the contrary would do violence to what is said and held in our prior decisions. See, *e. g.*, page 258 of the opinion in *Stephenson v. Wallis*, supra, which reads:

"This court cannot concern itself with the weight of the evidence. Although plaintiff makes no contention that the court abused its discretion, it is obvious that if we were to sustain his position we would have to test the credibility of the witnesses, weigh the evidence, and assume the position of the trier of the facts which we have heretofore decided is the very thing our long line of decisions hold we cannot do. (*Dunn v. Madden*, 109 Kan. 94, 197 Pac. 1116; *Stoskopf v. Stoskopf*, 173 Kan. 244, 245 P. 2d 1180; *Smith v. Wichita Transportation Corp.*, 179 Kan. 9, 293 P. 2d 242.) In *Dunn v. Madden*, supra, the court said:

" '. . . The rule consistently followed in this court for more than a half century is that this court on appeal cannot weigh conflicting evidence nor pass upon the credibility of witnesses. That is the function of the jury who are in a better attitude than this court to determine these questions. We cannot set aside the finding of a jury based on conflicting testimony because of the greater number of witnesses who gave adverse testimony nor because the evidence in record form may seem to us to preponderate against the finding. . . .' (pp. 95 and 96.)"

The remaining questions raised by appellant are based on alleged errors in the instructions and in the admission of evidence.

In submitting the cause to the jury the court gave an instruction, to which the appellant objected, on the rights of the driver of a motor vehicle who, without fault on his part, is confronted by a sudden emergency. Without questioning the form of the instruction, as a proper statement of law, appellant now contends that such instruction was completely unsupported by any evidence of a sudden emergency and for that reason should not have been given. What has been heretofore related establishes there was evidence of such an emergency, hence the reason assigned as a ground for holding such instruction erroneous cannot be upheld.

Appellant directs our attention to the fact that the appellee attempted to exonerate the decedent of negligence by introducing opinion evidence of a sudden mechanical failure of the decedent's brakes by a hypothetical question directed to an expert witness, who expressed an opinion supporting appellee's theory of the case. She then points out that the question was based on assumed facts not in evidence, that an objection to such question on that premise was overruled by the court and the witness was permitted to answer on the basis of an assertion by counsel for appellee that the facts not established by the evidence would be supplied by other witnesses. Nothing would be gained by burdening our reports by detailing the lengthy question involved. It suffices to say the intent and purpose of such question was to secure the expert's opinion as to what caused the brakes to suddenly fail and that at the most such question and its answer served only to corroborate and give credence to the statement of the decedent that his brakes failed and that they had been working alright prior to the time of the accident. In that situation we doubt if it can be said appellant's complaint respecting the form of the question is tenable (See, *e. g.*, *Commercial Travelers v. Barnes,* 75 Kan. 720, 726, 90 Pac. 293; *Temple v. Continental Oil Co.*, 182 Kan. 213, 230, 320 P. 2d 1039). Be that as it may, and assuming, *arguendo,* such question was objectionable at the time it was propounded, we believe the answer to this claim of error is to be found in the record which discloses, wholly apart from his answer to the involved question, cumulative evidence, to which we have heretofore referred, on the part of the same expert witness to the effect that sudden brake failures are not uncommon and that he had frequently encountered them in his experience with hydraulic systems. Under the existing circumstances it is our view appellant's claim on the point now under consideration falls squarely within the rule announced in

*State v. Gore*, 152 Kan. 551, 557, 558, 106 P. 2d 704, where it is held:

"Error in the admission of expert testimony is not ground for reversal where such testimony is merely cumulative, and there is an abundance of other evidence which is competent and which sustains the opinion of the witness." (Syl. ¶ 2.)

Another claim of error is that certain hospital records, pertaining to prior admissions of appellant to two separate institutions for disorders which existed prior to the injuries she received in the accident of April 30, 1957, were introduced in evidence over her objections that such records were hearsay, irrelevant, immaterial and too remote. The record in this case makes it appear the records admitted went to one issue only, the question of damages and had no bearing on the main issues in the case, or the all decisive issues determined by the jury, *i. e.*, that the decedent was not guilty of any act of negligence which was the cause of the accident. In that situation there is sound authority for the rule that any error relating to admission of evidence on the subject of damages is necessarily harmless. See *Perrine v. Hokser*, 158 Neb. 190, 196, 197, 62 N. W. 2d 677, 681. That this court, under its former decisions, is committed to the same rule is fully demonstrated by what is said and held in the opinion of *Minear v. Engel*, 184 Kan. 383, 337 P. 2d 693.

Finally appellant contends she is entitled to a new trial because the trial court gave improper supplemental instructions, the one particularly complained of being an oral instruction given, when counsel for all parties were present, some six hours after the jury had retired to consider its verdict and at a time when, in response to an inquiry from the court, the foreman had advised that tribunal to the effect that the opposing person or persons had stated their minds were absolutely resolved and there never would be a change. We do not believe it is either necessary or required that we here detail the instruction as given. Nor are we inclined to write a treatise on the law of this jurisdiction relating to the conditions and circumstances under which instructions of similar nature have been held in some instances to be proper and in others to warrant the granting of a motion for a new trial. Important cases dealing with those matters may be found by reference to this court's opinion in *Coleman v. Patti Construction Co.*, 182 Kan. 53, 61, 318 P. 2d 1028. It suffices to say, that after a careful analysis of such instruction, we are convinced (1) that it did not bludgeon, coerce

or intimidate the jury into arriving at its verdict; (2) that it contains nothing which gave either party to the action an undue or unfair advantage in connection with the jury's deliberations in attempting to reach a verdict; (3) that it indicated no view on the part of the court as to how the case should be decided; and (4) that it fully and fairly apprised the jurors of their rights, duties and obligations as the triers of fact. Under such conditions it cannot be said the trial court abused sound discretion in giving the foregoing instruction or that its action in doing so entitles appellant to a new trial or warrants a reversal of the judgment. Moreover, we find nothing in other contentions advanced by appellant, all of which have been given consideration, to warrant or permit a conclusion the trial court erred in overruling the motion for a new trial.

Based on what has been heretofore stated and held the judgment must be and it is hereby affirmed.

ROBB, J., not participating.

FATZER, J., concurring specially: These comments are directed to the trial court's submission of special question No. 3, whether the collision was the result of an "unavoidable accident," to which counsel made no objection.

Whether counsel did or did not object to its submission, the question was unwarranted and contrary to the law of this state, under the facts and circumstances presented. This court has laid to rest the question of when and under what circumstances, if any, a special question may be submitted requiring an answer whether the collision was the result of an unavoidable accident. In *Knox v. Barnard*, 181 Kan. 943, 317 P. 2d 452, it was held that, as applied to automobile negligence cases, the term "unaviodable accident" excludes and repels the idea of negligence and refers to one which is not occasioned in any degree, either directly or remotely, by the want of such care or prudence as the law holds every person bound to exercise—that is, an occurrence which is not contributed to by the negligent act or omission of either party. In *Schmid v. Eslick*, 181 Kan. 997, 317 P. 2d 459, it was held that the term "unavoidable accident" implies that the injury occurred without the negligence of either party and could not have been prevented by their exercise of ordinary care and prudence. In the more recent case of *Kreh v. Trinkle*, 185 Kan. 329, 343 P. 2d 213, the rule was reaffirmed and

applied, and it was further held that instructions and special questions submitted to the jury should be germane to the issues made by the pleadings and limited to such of them as are supported by some evidence.

When submitted, special questions are the trial court's questions to assist in deciding the controverted facts of a lawsuit, and it has the duty of supervising the form of special questions so as to make them pertinent to the issues involved. More particularly, its first duty is to determine whether the evidence justifies the submission of an issue raised by the pleadings, and where, as here, the evidence is sufficient to establish the existence of the fact of negligence on the part of the defendant, it becomes the duty of the court to refrain from submitting the question whether the collision was the result of an unavoidable accident.

The trial in this case was commenced May 26, 1959, which was more than a year and a half after the cases of *Knox v. Barnard,* supra, and *Schmid v. Eslick,* supra, were decided and the opinions printed in the reports of this court. The case of *Kreh v. Trinkle,* supra, was subsequently decided on August 3, 1959. The fact that counsel for the plaintiff failed to object to the submission of special question No. 3 did not, in my opinion, justify the trial court in submitting that special question, under the record presented.

WERTZ, J., concurring in the foregoing special concurring opinion.