## CHARLES F. SHOOP v. IVAN PETERSON.[1]

May 23, 1952.

No. 35,757.

---

[1]Reported in 53 N. W. (2d) 633.

*Levine & Levine,* for appellant.
*Carroll & Thorson,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order of the municipal court of Minneapolis denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial.

The action arose out of an automobile collision at the intersection of Seventh street and Cedar avenue in the city of Minneapolis on March 4, 1949, about 1:45 p. m. Plaintiff, a retired professor at the University of Minnesota, accompanied by his wife, was driving his automobile west on Seventh street. He testified that he stopped his car at the intersection of Seventh street and Cedar avenue, where there is a stop sign, since Cedar avenue is a through street; that he then looked to the left along Cedar avenue, where he saw a car approaching; that he let it pass; that he then saw another car coming "50 or 60 feet between the two cars," which he let pass; that before entering the intersection he again looked to his left for a distance of 200 feet or half a block down Cedar avenue, but saw no car coming; and that he then started to cross Cedar avenue, which is 60 feet wide from curb to curb. After traveling at the rate of 12 to 15 miles per hour for a distance of about 30 or 40 feet across the avenue, a collision occurred between his car and the one driven by defendant, who was going north on Cedar avenue.

Plaintiff testified that his eyesight was good and that there were no circumstances which distracted his attention when he looked to his left on Cedar avenue just before he started to cross the intersection. His wife, with him in the front seat of the car, also testified that after the two cars above referred to passed she also looked to the left before her husband started to cross Cedar avenue and that she saw no cars approaching from the left. She said

that the view to the left on Cedar avenue at that time was clear and unobstructed for a distance of almost a block.

Defendant testified that he was "traveling about 25 miles an hour" as he approached the intersection from the south; that he "slowed up just a little bit" when he came to the intersection; that the front of his automobile was about even with the south line of Seventh street extended when he first saw plaintiff's car; and that he had traveled 15 or 20 feet into the intersection when the collision occurred. The jury returned a verdict for defendant.

The only assignment of error we need consider for a determination of this case is whether the trial court erred in its instructions when it said:

"Now, as to Mr. Shoop [plaintiff], I am instructing you that he was guilty of negligence in not seeing the Peterson [defendant] car that was within the space where he looked. That is, the looking party must not only look but he must look efficiently. The question for you to determine, however, is as to whether that failure to look was a proximate cause of what happened, so the item of causation in the case is important."

The court submitted to the jury the questions of the negligence of defendant and proximate cause, and the contributory negligence of plaintiff and whether his negligence was the sole proximate cause of the collision.

We are thus confronted primarily with the legal issue whether, under the facts and circumstances of the instant case, the court's instruction with reference to the negligence of plaintiff constituted reversible error. It is our opinion, upon a review of the record and the instructions in their entirety, that there must be an affirmance. An ordinarily prudent driver of a vehicle about to enter an intersection is under an affirmative duty to look for oncoming vehicles. DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350.

While it is true that this court held in effect in such cases as Hermanson v. Switzer, 188 Minn. 455, 247 N. W. 581; DeHaan v. Wolff, 178 Minn. 426, 227 N. W. 350; and Sorenson v. Sander-

son, 176 Minn. 299, 223 N. W. 145, that the driver of a motor vehicle who looks and does not see that which is in plain sight and which he ought to have seen was guilty of negligence as a matter of law, that doctrine was overruled in Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327, and Abraham v. Byman, 214 Minn. 355, 8 N. W. (2d) 231, to the extent that the mere failure on the part of a motorist who looks and does not see that which is in plain sight and which he might have seen does not in itself make him guilty of contributory negligence as a matter of law, *without regard to surrounding circumstances*. Moore v. Kujath, 225 Minn. 107, 29 N. W. (2d) 883, 175 A. L. R. 1007.

We are not holding here that the mere failure on the part of plaintiff, who looked and did not see defendant's approaching car, which must have been in plain sight and which plaintiff might have seen, in itself made him guilty of contributory negligence as a matter of law. In addition to those things, we must also take into consideration the surrounding circumstances. And what were the surrounding circumstances in the case at bar? Each case must be considered upon its own fact situation. Here, plaintiff came to a stop at the intersection, as he was compelled to do under the circumstances. He looked to his left down Cedar avenue, waited for two cars going north to pass, and again looked to his left for a distance of about 200 feet down the avenue. Upon his own admissions and the testimony of his wife, there were no obstructions, no distracting circumstances, and the view was clear. His eyesight was good, and yet he failed to see defendant's car, which must have been in clear view at the time plaintiff entered the intersection. There is no evidence which would indicate that plaintiff had reason to believe that if he entered the intersection he would have time to cross safely, nor was there any evidence of unlawful speed on the part of defendant.

Taking into consideration all the surrounding circumstances as set out above, it is our opinion that there was no reversible error in the trial court's instructions.

Affirmed.