## DONALD M. SOUDEN v. CORDELIA JOHNSON AND ANOTHER.

125 N. W. (2d) 742.

December 27, 1963—No. 38,916.

*John (Jack) M. Miller,* for appellant.
*Lasley & Foster,* for respondents.

SHERAN, JUSTICE.

The appeal is from an order of the district court denying plaintiff's motion for a new trial.

Action was instituted by plaintiff Donald M. Souden for damages in the amount of $75,000 for personal injuries allegedly sustained as the result of an automobile accident occurring August 31, 1960, at the intersection of University Avenue and Highway 100 in Anoka County. A motor vehicle operated by defendant Cordelia Johnson, with the permission and consent of the owner, her husband, defendant David R. Johnson, rear ended a motor vehicle operated by plaintiff which was stopped on Highway 100 waiting for the signal at the intersection to change. By agreement the damage to the forward car was fixed at $42.40. One of the special interrogatories submitted to the jury was: "At and immediately prior to the collision, was Cordelia Johnson negligent in respect to management and control?" The jury responded in the negative and consequently no answers were given to the remaining interrogatories submitted, which pertained to proximate cause and damages.

Upon appeal, plaintiff contends that the negative answer to the quoted interrogatory is without support in the evidence and claims error in the trial proceedings.

■ The only attempt to explain the fact that plaintiff, properly stopped on the highway, was hit from the rear appears in the testimony of Mrs. Johnson. She testified that she was driving from Minneapolis to Duluth for the weekend with her children, three of whom were in the back seat and one in the front. She observed the Souden car come to a stop and brought her vehicle to a stop also "about six or seven feet behind him." She remained in this position 2 or 3 seconds, "at which

time one of my children commented on the condition of another child who had not been feeling well. I turned around to look at her and was horrified to see she was covered with blotches, and during this time my foot eased up on the brake, and the car must have inched ahead and then my car contacted the car in front of me with a slight bump." She was still partially turned around when the impact occurred. In turning around, she had released the pressure on the brake and the vehicle moved forward. The collision which followed was proximately caused by this failure to keep the Chevrolet under control.

In our opinion the evidence establishes negligence on the part of Mrs. Johnson as a matter of law. It is undisputed that her vehicle was in a stopped position about 6 feet to the rear of the vehicle operated by plaintiff and that she caused or permitted it to strike the rear of the forward car properly stopped on the highway in obedience to the traffic signal. No attempt is made to justify this admitted fact either on the basis of the condition of the highway or the weather or a mechanical defect. Her only excuse is that her attention was distracted from the business of keeping her car under control by an attempt to observe the condition of one of the children sitting in the back seat. No emergency was presented which justified her failure to control the vehicle by means of the brake or the shifting mechanism. While we recognize that distracting circumstances may sometimes excuse conduct which would otherwise be negligence as a matter of law,[1] we do not consider the circumstances in this case to be of such a nature as to excuse the driver of a stopped vehicle for failing to control it sufficiently to avoid rear ending the car ahead. If the condition of the child in the rear seat, as reported to the defendant, was sudden and critical a different result might follow. Under the circumstances in this case there was no such reasonable apprehension of imminent danger to the defendant's child

[1]See, Mason's Minnesota Motor Vehicle Law, § 1605, p. 290; Dreyer v. Otter Tail Power Co. 205 Minn. 286, 285 N. W. 707, 287 N. W. 13; Northern Liquid Gas Co. v. Hildreth (8 Cir.) 180 F. (2d) 330; Seitzer v. Halverson, 231 Minn. 230, 42 N. W. (2d) 635; Wineman v. Carter, 212 Minn. 298, 4 N. W. (2d) 83.

as to make reasonable the diversion of her attention from the simple task of keeping the car stationary.

It is true that Stephenson v. Wallis, 181 Kan. 254, 311 P. (2d) 355, 72 A. L. R. (2d) 1, is authority for the proposition that the operator of a moving vehicle whose foot slips from the brake pedal is not guilty of negligence as a matter of law when, as a result, a collision with a vehicle ahead results. It is not necessary, however, that the rule of that case be accepted or rejected at this time. In the case before us defendant was stopped for several seconds before she permitted or caused the car she was operating to move forward and into the car ahead. The accident did not result from an operating movement made suddenly and, therefore, imperfectly. It was simply a case of a driver diverting her attention from the business of controlling her car for a reason which we consider to be inadequate justification.[2]

■ To avoid repetition of an incident which occurred during the first trial, the attention of counsel is called to the fact that a question asked during cross-examination of plaintiff which embraced a testimonial statement to the effect that he previously pleaded guilty to driving while intoxicated and leaving the scene of the accident on a prior and different occasion was improper in light of Minn. St. 169.94, which makes the record of conviction for a violation of a highway traffic regulation inadmissible as evidence in any court in any civil action and declares that the conviction of a person for such violation shall not affect or impair the credibility of such person as a witness in any civil or criminal proceeding. See, Warren v. Marsh, 215 Minn. 615, 11 N. W. (2d) 528.

The order denying a new trial is reversed and a new trial on the issue of damages, if any, proximately caused by the collision is granted.

Reversed.

---

[2]Compare Town & Country Securities Co. v. Place, 79 Ariz. 122, 285 P. (2d) 165; Persike v. Gray (Cal. App.) 30 Cal. Rptr. 603.