**Brenda F. PARKS, Defendant-Appellant,**

**v.**

**Catherine M. ZIEGLER, and William Ziegler, Plaintiffs-Appellees.**

Supreme Court of Delaware.

June 23, 1966.

Warren B. Burt, of Prickett & Prickett, Wilmington, for appellant.

Harvey B. Rubenstein, Wilmington, for appellees.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

The problem here presented is whether the facts of this case justify the action of the Superior Court in directing a verdict in favor of the plaintiffs on the issue of liability.

Mrs. Ziegler and Mrs. Parks were the drivers of two cars which collided on February 5, 1964 at about 8:15 A.M. on the westerly approach to the Third Street Bridge in Wilmington. The car driven by Mrs. Parks struck the rear end of Mrs. Ziegler's car. Both vehicles were in a very heavy stream of traffic, with Mrs. Ziegler immediately in front of Mrs. Parks. The traffic was moving very slowly in a "stop-and-go" fashion. After the parties had moved across the bridge and partly over the approach, the traffic stopped suddenly, forcing Mrs. Parks to apply her brakes hard in order to avoid hitting the car ahead. This sudden stop caused her two-year old child, who was sitting beside her, to be thrown off the seat to the floor. She immediately leaned over to pick up the child and her foot slipped off the brake pedal. As a result, the car moved forward slowly into the rear of Mrs. Ziegler's car— a distance of about five feet. Neither car was seriously damaged; for example, plaintiff's repair bill was only $45. Mrs. Ziegler, however, claims certain back injuries which may be permanent.

Although there was little dispute in the testimony concerning the facts of the accident, we have stated them in the way most-favorable to defendant. Whether the trial Judge was correct in directing the verdict depends on whether under any reasonable view of the evidence the jury could justifiably have found for the defendant. Ebersole v. Lowengrub, Del., 208 A.2d 495.

Appellant cites several cases holding that the mere fact that a driver's foot slips from a brake pedal does not constitute negligence as a matter of law but is a jury question. Watford v. Morse, 202 Va. 605, 118 S.E.2d 681; Stephenson v. Wallis, 181 Kan. 254, 311 P.2d 355; Strauch v. Bieloh, 16 Cal.App.2d 278, 60 P.2d 582; Oppenheimer v. Werner, Fla., 46 So.2d 870. Appellee denies that these cases are in point because in all of them the driver's foot slipped as he was attempting to apply the brake in stopping, whereas here the defendant had stopped and was using the brake to prevent the car from moving. We doubt that this difference in facts justifies a difference in rule. We need not determine the point, however, because the trial Judge did not rest his decision on the slipping alone; he based it on all the circumstances, i.e., "because the child had slipped off the seat, she lost control of the car by letting

her foot slip off the brake and without applying the emergency brake and drifted forward".

Appellee relies chiefly upon the case of Souden v. Johnson, 267 Minn. 151, 125 N.W.2d 742, in which the facts were somewhat like the situation here. In that case the cars were stopped six or seven feet apart when one child in defendant's car commented on the appearance of another child in the rear seat. The driver turned to look back and saw some blotches on the face of the child back of her. In turning around, she unconsciously released the pressure on the brake and her car moved forward into the rear of the one in front. The Court recognized that distracting circumstances may sometimes excuse conduct which would otherwise be negligent, but held that this was not such a case. In finding negligence as a matter of law, the Court said:

"No emergency was presented which justified her failure to control the vehicle by means of the brake or the shifting mechanism. * * * If the condition of the child in the rear seat, as reported to the defendant, was sudden and critical a different result might follow. Under the circumstances in this case there was no such reasonable apprehension of imminent danger to the defendant's child as to make reasonable the diversion of her attention from the simple task of keeping the car stationary".

Accepting arguendo the holding in Souden v. Johnson, supra, as sound, we think the present case is distinguishable. A jury could find that the fall of Mrs. Parks' child was sudden and somewhat violent, and that her act of leaning over to pick it up was an involuntary or spontaneous reaction, in contrast to that of the defendant in the Souden case. In final analysis, the ruling below means that as a matter of law, a reasonable prudent driver would have kept his attention on the car and made sure that his foot stayed on the brake or pulled on the emergency brake before picking up his two-year old child, notwithstanding the distraction caused by the sudden, unexpected and violent fall of the child. With this holding we must disagree. Unquestionably a jury could find that appellant's actions were not those of a reasonable prudent person, but we think a jury could justifiably conclude that they were. The question is therefore one for the jury.

The judgment must be reversed and the case remanded for a new trial.