# MARION ROBERTS v. HERMAN KETTNER AND ANOTHER.

### 161 N.W. (2d) 302.

August 16, 1968—No. 40,588.

*Roger J. Hargrave* and *Jerome Kaner,* for appellant.
*Hammer, Weyl, Halverson & Watters,* for respondents.

Heard before Knutson, C. J., and Nelson, Murphy, Rogosheske, and Frank T. Gallagher, JJ.

NELSON, JUSTICE.

The jury in district court having found for defendants, plaintiff appeals from an order denying her motion for judgment notwithstanding the verdict on the issue of liability and a new trial on the issue of damages, or, in the alternative, a new trial on all issues.

If all conflicts in the evidence are resolved in favor of the prevailing parties below, the facts appear to be as follows: The accident involved occurred in Duluth on September 9, 1964, at about 3:30 p. m. Plaintiff, Marion Roberts, and defendant driver, Mark S. Kettner, were both proceeding south on Hawthorne Road. It appears that at the time of the accident the road was wet and the weather was cloudy. Defendant's car was following plaintiff's car in a heavy line of traffic, apparently moving at a stop-and-go rate. Plaintiff drove through the intersection of First Street and Hawthorne Road and came to a stop about a car length south of First Street on Hawthorne Road.

The testimony of defendant as to the sequence of events immediately prior to the collision is as follows:

"Q. All right. What was your intention as respecting your movement when you observed that condition ahead?

"A. I was planning on stopping behind the Roberts' vehicle.

"Q. Tell us just what you did then from that point up to the time of the collision.

"A. I got up approximately to the north curb line on Hawthorne—on First Street coming down Hawthorne Road. I depressed my clutch. I was—I was using the brake. I had cut down to, oh, a very slow speed, probably two or three miles an hour. When I came into—well, when I came across the other curb line, the one on the south side of First Street, this is when my foot slipped off the clutch, and the car accelerated forward, and I struck Mrs. Roberts.

"Q. All right. What was the condition of the—of your shoes at that time?

"A. They were damp.

"Q.   What was the condition of the ground and the streets in the vicinity at this time?

"A.   It was damp.

"Q.   What sort of a shoe did you have on by the way?

"A.   A shoe similar to the ones I have on now, composition sole.

"Q.   And are they what they call loafers?

"A.   Yes.

"Q.   That is, they were not laces?

"A.   Yes.

"Q.   Can you give us your best judgment as to the speed that your car accelerated to by the time it had its collision with the Roberts' car?

"A.   A maximum of five miles an hour.

"Q.   And before your foot slipped off the brake, what is your judgment—off the clutch, before your foot slipped off the clutch, what is your judgment of the speed that you had reduced to?

"A.   Two or three miles an hour.

"Q.   When your foot slipped off the clutch, what attempt, if any, did you make to overcome that difficulty?

"A.   I tried to depress the brake, but I didn't do it fast enough."

Defendant's testimony as to his speed prior to impact and the location of the two vehicles at the time of impact was corroborated by his passenger, Wallace Saline.

The record indicates that the car did not collide with enough force to move defendant against the steering wheel, but with sufficient force to cause him to ask his passenger if he was all right and if he had hit the dashboard. Passengers in plaintiff's car were likewise thrown forward.

The fact that plaintiff's automobile received some damage in the accident appears to be undisputed. Some damage to both cars was admitted by defendant and by defendant's witness Saline and the investigating police officer. Plaintiff's witness, Pat Colalillo, operator of a body shop, corroborated the damage to her car.

Dr. Carl Eklund testified that plaintiff suffered an extension-flexion injury to her neck and upper spine as a result of the collision. Plaintiff claims that this testimony by her doctor was not rebutted by defendant.

Plaintiff claims that the trial court erred in denying her motion for a

directed verdict and her post-trial motion in that established facts and permissible inferences are so certain that reasonable minds must agree that defendant Mark Kettner was negligent as a matter of law.

There has been no claim that plaintiff as driver of the lead automobile was in any way negligent. This being so, the sole issue on this appeal is whether the conduct of defendant was negligent as a matter of law or whether negligence was a question for the jury. Plaintiff claims that defendant was negligent as a matter of law, relying on Souden v. Johnson, 267 Minn. 151, 125 N. W. (2d) 742, and Wilson v. Sorge, 256 Minn. 125, 97 N. W. (2d) 477, as controlling.

We think the following statement made by the court in the Souden case indicates it does not control the fact situation in the case at bar (267 Minn. 154, 125 N. W. [2d] 743):

"It is true that Stephenson v. Wallis, 181 Kan. 254, 311 P. (2d) 355, 72 A. L. R. (2d) 1, is authority for the proposition that the operator of a moving vehicle whose foot slips from the brake pedal is not guilty of negligence as a matter of law when, as a result, a collision with a vehicle ahead results. It is not necessary, however, that the rule of that case be accepted or rejected at this time. In the case before us defendant was stopped for several seconds before she permitted or caused the car she was operating to move forward and into the car ahead. The accident did not result from an operating movement made suddenly and, therefore, imperfectly. It was simply a case of a driver diverting her attention from the business of controlling her car for a reason which we consider to be inadequate justification."

Wilson v. Sorge, *supra*, is likewise not in point. In that case defendant's truck violated the statute requiring a truck to travel a prescribed distance behind the vehicle ahead and collided with plaintiff's vehicle which had stopped to make a left turn. No evidence was offered by defendant to justify the statutory violation, and this court thus held the directed verdict to be proper.

Our court has never followed an automatic rule that would impose liability in all cases where the driver's foot slips off the clutch or brake, thereby causing a collision with a vehicle ahead.

In Ranum v. Swenson, 220 Minn. 170, 19 N. W. (2d) 327, this court rejected the automatic "look-and-not-see" rule—that failure to see that which is in plain sight necessarily constitutes negligence as a matter of law. The court in the Ranum case said (220 Minn. 174, 19 N. W. [2d] 330):

"We expressly reject the policy of applying arbitrary standards of behavior amounting in effect to rules of law to all cases without regard to surrounding circumstances."

Also see Shoop v. Peterson, 237 Minn. 61, 53 N. W. (2d) 633; and Abraham v. Byman, 214 Minn. 355, 8 N. W. (2d) 231, where this court stated:

"Since standards of prudent conduct, especially in negligence cases, are generally for jury determination, courts should exercise great caution in framing standards of behavior that amount to rules of law."

This court has applied this caution in so-called rear-end collision cases. For instance, in Wimperis v. Satzinger, 273 Minn. 121, 140 N. W. (2d) 323, the court sustained the finding of the jury in favor of the following car, referring to the fundamental rule that the facts and circumstances of each case rather than the nature of the accident dictate the results.

As defendants contended, the burden still rests with plaintiff to establish negligence. In Tibbetts v. Nyberg, 276 Minn. 431, 150 N. W. (2d) 687, the plaintiff was a passenger in a car struck from behind when a light changed and it was forced to stop. The trial court in that case denied plaintiff's request to instruct the jury that as a matter of law plaintiff was entitled to recover against one or both of the defendants. The jury found in favor of the drivers of the two vehicles, and on appeal the judgment was affirmed. This court stated that it had been held in a number of recent cases that rear-end accidents do not necessarily give rise to liability as a matter of law, citing Connaker v. Hart, 275 Minn. 289, 146 N. W. (2d) 607; Ryan v. Griffin, 241 Minn. 91, 62 N. W. (2d) 504; Pluwak v. Lindberg, 268 Minn. 524, 130 N. W. (2d) 134; and Whelan v. Gould, 259 Minn. 203, 106 N. W. (2d) 893.

Defendants herein have cited a number of cases of foreign jurisdictions where a driver's foot accidentally slipped off the brake pedal. A search of those cases would indicate that none held the driver negligent as a matter

of law under such circumstances. Kennedy v. New England Bakery, 80 R. I. 224, 95 A. (2d) 454; Morrill v. Rountree, 242 Ore. 320, 408 P. (2d) 932; Watford v. Morse, 202 Va. 605, 118 S. E. (2d) 681; Oppenheimer v. Werner (Fla.) 46 So. (2d) 870; Stephenson v. Wallis, 181 Kan. 254, 311 P. (2d) 355, 72 A. L. R. (2d) 1; Strauch v. Bieloh, 16 Cal. App. (2d) 278, 60 P. (2d) 582.

The trial court in the instant case specifically made its memorandum a part of the order from which the appeal herein has been taken. The trial court states that implicit in the general verdict in favor of defendants is a finding that defendant driver was not negligent or that plaintiff suffered no damages as a result thereof.

It appears from the record herein that photographs were received in evidence as to the damage to plaintiff's vehicle. The car was 10 years old at the time of the accident and the photographs revealed only two dents—one in either bumperette, which the jury may well have determined were inconsequential on a car of that age. As to the other injuries allegedly sustained by plaintiff, the investigating police officer, Harold Abrams, indicated that the occupants of plaintiff's car, including plaintiff, were asked if anyone was injured and all answered in the negative.

While plaintiff has suggested that the testimony of Dr. Carl Eklund to the effect that she suffered an extension-flexion injury to her neck and upper spine as a result of the collision was not rebutted by defendant, this appeal contains no further discussion relative to his testimony. The testimony of Dr. James Tetlie, who appeared as a witness, is not discussed in plaintiff's brief and therefore will not be considered here.

It appears that the principal injury claimed by plaintiff was a detached retina in the left eye. The doctor rendering the treatment for this difficulty was an ophthalmologist with Mayo Clinic, who stated, in a deposition, that a majority of retinal detachments occur spontaneously rather than as a result of some specific injury. He demonstrated that the simple turning of a head to look in a different direction might cause a detachment and thus he had no opinion as to the cause of the retinal detachment in plaintiff's left eye.

The claimed personal injuries being primarily subjective in nature, the jury may, under the circumstances, have determined to disregard them.

The trial court may well have concluded that upon the record as a whole the jury could find sufficient justification for awarding no damages to plaintiff in the case at bar.

▮ The trial court in discussing the movements of defendants' car under the circumstances presented by the evidence herein stated they were understandably not covered in detail by the statutes for the reason that the situation existing was not a routine traffic movement and thus commented that under such circumstances the judgment of a jury as to what constitutes reasonable care is ordinarily permitted to determine this question. The court cited as illustrative of that approach Teas v. Minneapolis St. Ry. Co. 244 Minn. 427, 70 N. W. (2d) 358, which grew out of an accident occurring on a street near the University of Minnesota football stadium in a congested movement of traffic resulting from the activities in the stadium, this court saying (244 Minn. 433, 70 N. W. [2d] 362):

"* * * Just how close an automobile may be followed and what precautions a driver must take in the exercise of due care to avoid colliding with the automobile ahead * * * cannot be stated in a fixed rule. In each case, except where reasonable minds may not differ, what due care requires and whether it has been exercised is for the jury." See, Ryan v. Griffin, 241 Minn. 91, 94, 62 N. W. (2d) 504, 507.

The trial court thus states in its memorandum:

"* * * Plaintiff having the burden of proof it appears to the Court that a finding of the jury in favor of the defendants on either or both of such claims is sustained by the evidence, although a contrary finding would also be sustained by the evidence. In other words, both issues present straight jury questions, and the finding of the jury should not be disturbed."

We agree with the reasoning in the trial court's memorandum and its order herein is affirmed.

Affirmed.