ELMER PETERSON AND ANOTHER v. DONALD R. BRADY AND ANOTHER.

170 N. W. (2d) 327.

August 29, 1969—No. 41577.

*Primus & Primus,* for appellant.

*Carroll, Cronan, Roth & Austin* and *Edward R. Soshnik,* for plaintiff respondents.

*Peterson, Bell & Converse* and *Robert C. Bell,* for defendant respondent.

Heard before Nelson, Murphy, Otis, Rogosheske, and Frank T. Gallagher, JJ.

FRANK T. GALLAGHER, JUSTICE.

Appeal by defendant Donald R. Brady from an order of the district court denying his blended motions for judgment notwithstanding the verdict or a new trial.

This is an action to recover damages claimed to have been sustained by plaintiffs, Elmer Peterson and Ann Peterson, husband and wife, arising out of a collision between two cars, one driven by plaintiff Ann Peterson and one driven by defendant Donald R. Brady, at the intersection of 36th Street and Longfellow Avenue in south Minneapolis. The action was also brought against defendant Kenneth Wilson to recover damages arising out of an accident which occurred about an hour before the accident between Mrs. Peterson and Brady. By agreement, the trial was limited to the issue of liability. The jury returned a special verdict favoring plaintiffs. Only defendant Brady has appealed.

The only witnesses who testified concerning the collision in-

volved in the appeal were Mrs. Peterson, hereinafter referred to as plaintiff, and Brady. Brady's wife, who was with him in his car, was not called by either side.

Both parties agreed that the intersection of 36th Street and Longfellow Avenue is located in a residential area and that there are homes on all four corners. They further agreed that the intersection is uncontrolled and that there are no centerlines marked on either street. The damage to plaintiff's car occurred in the left rear panel and left rear fender. It consisted of a crease starting in the area above the left rear tire and becoming deeper as it ran toward the rear of the vehicle.

The testimony of the two parties conflicts as to how the accident happened. Plaintiff testified that she was driving west on 36th Street at about 23 to 25 miles per hour and that as she approached Longfellow Avenue she slowed slightly, looked both left and right, but saw no cars. When she was halfway or more through the intersection, she felt a bump on the left rear of her car. She lost control of her car and ended up on the wrong side of 36th Street, just missing a parked car. She testified that at all times prior to the accident she was on the right side of 36th and did not cross the center of the road. At the time of the accident she was on her way to get an estimate of the damage from the earlier accident with Wilson.

Brady testified that he had attended a baseball game and was on his way to north Minneapolis. Finding Cedar Avenue clogged with buses, he had turned off it and was driving north on Longfellow. When he was about 6 feet from the 36th Street intersection, he had slowed his car to a rolling stop. He saw plaintiff's car approaching from his right and estimated that it was about 100 feet from the intersection. He said that he believed he could cross 36th before plaintiff reached the intersection and stepped on the accelerator, but then reconsidered and applied the brake. He testified that at the time the two cars met he was completely stopped and well south of the center of 36th. He estimated plaintiff's speed at about 40 miles per hour and said she was looking

straight ahead at all times. After the impact he backed his car up about even with the 36th Street curb line. The only damage to his car was some paint on a protruding portion of his front bumper.

Brady moved for a directed verdict at the close of plaintiff's case and again at the end of the trial. He contended that plaintiff had failed to show negligence on his part and that she was contributorily negligent as a matter of law in that she failed to keep a proper lookout. The motions were denied and the same issues are raised on appeal.[1]

This is a case in which the parties were the only witnesses and each gave a substantially different version of how the accident happened. The only other evidence was the description of the injury to plaintiff's car. Thus, the question raised on this appeal is essentially whether, under the view of the evidence most favorable to plaintiff as the prevailing party at trial, the jury was justified in concluding that defendant was negligent and plaintiff was not negligent.

In considering this question, plaintiff's burden of proof must be kept in mind. In a case, such as this, where there are two alternative explanations of how the accident occurred and only one of them would result in liability on the part of defendant, plaintiff has the burden of proving that the one which would result in liability is more probable than the other. Smith v. Hencir-Nichols, Inc. 276 Minn. 390, 150 N. W. (2d) 556. Here, if defendant's car was in fact stopped at the time of the acci-

---

[1] The legal issues raised by defendant Brady are:

(1)   Where defendant's car was stopped at the time of impact and at no time extended into the proper lane of travel of plaintiff's car, should the court have directed a verdict for him?

(2)   Where there were no obstructions to vision between the two cars; where at no time before the impact had plaintiff seen defendant's car; and where at the time of impact plaintiff's vehicle was on the wrong side of the road, should the trial court have directed a verdict for defendant?

The court held in the negative on both issues.

dent and plaintiff was driving partially on the wrong side of the road, defendant obviously was not at fault. However, it would seem that the physical facts argue against this explanation. Plaintiff was at least halfway through the intersection at the time of the collision, and if the accident happened as defendant testified, the front of plaintiff's car should have struck the front of his car. The most obvious explanation of why the point of impact on plaintiff's car was the left rear fender is that defendant was moving forward into the intersection at the time of the collision.

Even accepting the above explanation, there are two additional points: First, whether plaintiff was on the proper side of the road, and, second, whether she was negligent in failing to see defendant's car. As to the first, the jury had only the testimony of each party and had to choose to believe one or the other. If the jury determined from the facts that defendant was incorrect in stating that his car was stopped, then it may well have refused to accept his testimony as to the position of plaintiff's car in the roadway. If the physical facts are so inconsistent with one party's version of how the accident happened that the accident could not have happened that way, the jury is justified in rejecting that party's version. Kmetz v. Johnson, 261 Minn. 395, 113 N. W. (2d) 96. The jury may have reached that conclusion in the present case.

The second point is plaintiff's failure to see defendant's car. Plaintiff testified that she looked both left and right as she approached the intersection and saw no cars approaching from either direction. It is the law of this state that failure to see that which is in plain sight does not make a person guilty of contributory negligence as a matter of law *without regard to the surrounding circumstances*. Shoop v. Peterson, 237 Minn. 61, 53 N. W. (2d) 633. Here the jury was instructed, "It is the law that the driver of an automobile has the duty to watch for other automobiles on the street and for other automobiles at intersections." However, it was given no instruction specifically on failure to see

that which is in plain sight. Despite this, defendant made no objection and took no exceptions to the instructions in this regard. The only possible surrounding circumstance which would have justified plaintiff's failure to see defendant is that defendant had not yet reached a point where his car was visible at the time she looked. This would require the jury to disbelieve defendant's testimony as to when and how he approached the intersection. There were no skid marks to indicate a high rate of speed on defendant's part. Yet the jury obviously did refuse to believe his testimony that when he was 6 feet from the intersection plaintiff was 100 feet away and traveling at 40 miles per hour. They might well have taken the same course as to the position of defendant's car.

It is our opinion that the disputed matters involved on this appeal were fact questions and that there was evidence from which the jury could find for plaintiff. The order of the district court should be affirmed.

Affirmed.