Irene SMITH, as trustee for the heirs of Patrick B. Smith, decedent, as administratrix of the estate of Patrick B. Smith, decedent, as widow and mother of the minor children of Patrick B. Smith, decedent, and individually, Plaintiff,

v.

**UNITED STATES of America,**
**Defendant.**

**6–70–Civ–355.**

United States District Court,
D. Minnesota,
Sixth Division.

Dec. 7, 1971.

Powell & Dessert, Phillip D. Nelson, Bemidji, Minn., for plaintiff.

Robert J. Renner, U. S. Atty., and Stephen G. Palmer, Asst. U. S. Atty., Minneapolis, Minn., for defendant.

## MEMORANDUM & ORDER

DEVITT, Chief Judge.

This is an action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680, with recovery sought under the Minnesota Wrongful Death Statute, M.S.A. § 573.02. Trial was held to the court on October 28, 1971.

## FINDINGS OF FACT

The testimony indicated that Earl Jones, an employee of the Forestry Department of the United States Bureau of Indian Affairs, on July 24, 1969, was driving a U. S. Government vehicle in the course of his employment on Minnesota State Highway 89. Jones was traveling in a southerly direction on dry pavement with unlimited visibility at approximately 55 miles per hour. At or near the crest of a long gradual hill in a no passing zone, Jones made a sudden quick stop, blocking the south bound lane of the highway. No signals were given. Mr. Jones testified that he did not observe decedent's vehicle which struck the left rear of his truck. Decedent suffered internal injuries as a result of this collision and died two days later.

Evidence was introduced to show that vision through the inside rear view mirror of the government vehicle was totally obstructed by fire fighting equipment which had been placed in the back of the truck. In addition the mountings for the spare tire on the driver side of the vehicle blocked the outside rear view mirror so that the driver could not observe any vehicles within four or five car lengths of the rear of the truck.

Mr. Jones testified that immediately prior to the impact he had sharply braked and was going five to ten miles per hour at the time of impact. His testimony was that it was his intention to turn off the highway onto a logging trail which intersected the highway. Mr. Jones had been in this area before and was familiar with the intersection of the highway and the trail. This intersection is located approximately 300 feet from the point of the accident. A witness to the accident, Gloria Whitefeather, testified that the government vehicle made a sudden stop 20 feet beyond the point where she and another girl were hitchhiking on the highway.

Proof aimed at establishing the comparative negligence of the decedent was

sketchy, involving photographs reflecting the condition of the tires on decedent's vehicle and testimony concerning the length of the skid marks left by this automobile. This evidence was inconclusive on the question of decedent's negligence and failed to rebut the statutory presumption that in any action for wrongful death the decedent is presumed to have been in the exercise of due care for his own safety.[1]

The widow of the decedent testified they had been married since 1945 and that decedent was 46 years of age at the time of his death. Decedent worked as a police officer and with his police salary and income obtained from commercial fishing and wood cutting, earned approximately $10,000 per year. Decedent was survived by 14 children, age 24 to 6, of whom eight are still dependent upon Mrs. Smith. Testimony of Charles Smith, son of the decedent, indicated that the decedent was a good father who counseled his children and aided them financially before and after they left the family home. At the time of his death, decedent had a life expectancy of 23.27 years based upon mortality experience tables.

## CONCLUSIONS OF LAW

In determining right to recovery and measure of damages where the action is one brought under the Federal Tort Claims Act, the court must apply the law of the place where the claim arose. United States v. Becker, 378 F. 2d 319 (9th Cir. 1967); Stancil v. United States, 200 F.Supp. 36 (E.D.Va. 1961); 28 U.S.C. § 1346(b). Thus several sections of Minnesota law must be considered. M.S.A. § 169.70 requires that every motor vehicle constructed in a manner which obstructs the driver's view to the rear must be equipped with a side mirror located to allow the driver to view the highway for a distance of at least 200 feet to the rear of the vehicle. M.S.A. § 169.19(6) requires any person stopping or suddenly decreasing the speed of his vehicle to first give an appropriate signal unless there is a good and sufficient reason for not being able to do so. M.S.A. § 169.96 provides that in any civil action violation of a provision of the Highway Traffic Statute constitutes prima facie evidence of negligence. Here it is uncontroverted that the government vehicle was not equipped with an outside mirror which would have enabled the driver to see 200 feet to the rear. The facts establish that the driver did not have an unimpeded view directly to the rear. Further, the facts indicate that the driver stopped suddenly without first giving an appropriate signal and that he did not have good and sufficient reasons for failing to give this signal.

As indicated above, no probative evidence as to the comparative negligence of the decedent was presented. Faced with the statutory presumption of due care and the lack of evidence rebutting this presumption, it is only necessary to consider whether the evidence presented, that is, the evidence as to the skid marks, or the fact that this was a rear end accident could be determinative of the fact that decedent was negligent and that this negligence should under the provisions of the comparative negligence statute serve to diminish the amount of damages recoverable.[2]

Under Minnesota law the rear ending of another automobile is not negligence as a matter of law. Hathaway v.

---

1. M.S.A. § 602.04 provides. "In any action to recover damages for negligently causing the death of a person, it shall be presumed that any person whose death resulted from the occurrence giving rise to the action was, at the time of the commission of the alleged negligent act or acts, in the exercise of due care for his own safety."

2. The Minnesota Comparative Negligence Statute is found in M.S.A. § 604.01. This statute was interpreted in the context of the wrongful death statute in the case of Olson v. Hartwig, 288 Minn. 375, 180 N.W.2d 870 (1970).

Dale Movers, Inc., 283 Minn. 187, 167 N.W.2d 32 (1969); Roberts v. Kettner, 281 Minn. 203, 161 N.W.2d 302 (1968). In addition, the fact that a motor vehicle has skidded, standing alone, is not evidence of negligent driving. Oldendorf v. Eide, 260 Minn. 458, 110 N.W.2d 310 (1961). It is the conclusion of the court that here neither the fact that decedent's automobile skidded nor the fact that this was a rear end collision would require any finding of negligence on the part of decedent.

■ Therefore this court finds that the government employee was operating his vehicle in the course of his employment in a negligent manner; that this negligent operation was the sole cause of the accident and that as a proximate result of this accident decedent suffered the injuries which resulted in his death.

The court further finds that as a result of the death of decedent the beneficiaries' loss as measured by the probable pecuniary interest of these beneficiaries in the continuation of the life of the decedent was in excess of $35,000 and that this amount need not be diminished by any percent reflecting comparative negligence on the part of decedent.

The court orders that plaintiff have recovery in the amount of $35,000 on behalf of the heirs of Patrick Smith.[3] In addition it is ordered that plaintiff, as administratrix of decedent's estate, have recovery in the amount of $4,134.[4] Attorney for plaintiff is directed to prepare a proposed order of distribution reflecting plaintiff's suggestions as to the proportionate pecuniary loss of each party entitled to share as beneficiary under the wrongful death statute.

---

3. As the wrongful death statute was constituted at the time this cause of action arose the maximum recovery provided for was $35,000. This maximum has now been eliminated in regard to any cause of action arising out of an event occurring after March 11, 1971.

4. This amount reflects items of special damages including $861 for funeral expenses, $600 for blood, $1,433 for hospital bills,

$340, for doctors bills, and $900 for the total loss of decedent's automobile. Recovery for destruction of the automobile is available to the administratrix under M. S.A. § 573.01. The other items of special damage appear to also be recoverable in addition to the statutory maximum. Prescott v. Swanson, 197 Minn. 325, 267 N.W. 251 (1936). The medical expenses were incurred in the period between the accident and the death of decedent.