## ALENE A. BOWE AND ANOTHER v. JOHN FREDLUND AND ANOTHER.

203 N. W. 2d 327.

December 15, 1972—No. 43449.

*Murnane, Murnane, Battis & Conlin* and *E. W. Murnane,* for appellants.

*Holst, Vogel, Erdmann & Vogel, Milton I. Holst,* and *Arnold F. Vogel,* for respondents.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Schultz, JJ.

MacLAUGHLIN, JUSTICE.

This is an appeal from a denial of defendants' alternative motion for a new trial or a remittitur and from the judgment.

Plaintiff, Alene A. Bowe, was injured on August 20, 1967, when a car in which she was a passenger was struck from the rear by a car driven by defendant Susan Fredlund. The accident occurred on Trunk Highway No. 50 in Lakeville, Minnesota. While traveling toward the point of collision, defendant became aware that several cars ahead of her were slowing to approach an intersection. The car in which plaintiff was riding was immediately ahead of defendant. When there were approximately 7 car-lengths or about 130 feet between defendant's car and plaintiff's car, defendant noticed an insect on her arm. She testified that she was afraid of insects; that she screamed and brushed the insect off her arm; that her passenger yelled that she should watch out; and that she looked up to find that she was now only about 1 to 1½ car-lengths from plaintiff's car. Defendant slammed on her brakes, skidded, and collided with the rear of the car in which plaintiff was riding. Defendant testified that she was very familiar with the intersection near the accident scene. There is no evidence of the type of insect involved or that defendant was bitten or stung by the insect.

On September 10, 1967, a short time after the accident which is before us, plaintiff, Alene A. Bowe, was involved in a second accident. On that occasion the car plaintiff was driving was struck from the rear by a car driven by one Charles Nelson.

Plaintiff[1] brought suit for alleged injuries arising out of both

---

[1] In the summons and complaint in the instant case, Daniel R. Bowe, father of plaintiff, Alene A. Bowe, is a named plaintiff. When the case was submitted to the jury, no mention was made of the claim of Daniel R. Bowe, and we assume he has abandoned his cause of action. Defend-

accidents. The summons and complaint in this action was filed on April 28, 1970, and the summons and complaint in the Nelson action was filed on May 26, 1970. The two complaints both alleged the same injuries as follows:

"That as a direct result of said negligence, the Plaintiff Alene A. Bowe was severely and permanently injured in mind and body. She sustained permanent partial impairment of the spine as a whole, permanent partial impairment of the cervical spine and other serious and permanent injuries."

The Nelson case was settled out of court prior to the commencement of the trial in this case.

■ At trial, defendants unsuccessfully attempted to introduce the Nelson complaint into evidence for purposes of impeachment of plaintiff or as an admission against interest. The Nelson complaint alleged that plaintiff sustained injuries to "the spine as a whole" as a result of Nelson's negligence. Defendants argue that the allegation is inconsistent with plaintiff's claim that defendants were the cause of her lower back injuries. Plaintiff maintains that the Nelson case involved only injuries to her neck and that, in the instant case, she was asking damages for injuries to the lower back only. Plaintiff testified that she had "[e]ssentially the same" back pain before and after the Nelson accident. Plaintiff further contends that at the time the complaints were prepared she did not have sufficient medical information and opinion to determine the relationship of each accident to the injuries so a decision was made to allege identical injuries in each complaint.

In Carlson v. Fredsall, 228 Minn. 461, 37 N. W. 2d 744 (1949), we held that allegations in a pleading which are in the nature of admissions are admissible for impeachment purposes where they tend to contradict the testimony of a party. The Carlson case also established that the attorney preparing the pleadings

ant Susan Fredlund was driving an automobile owned by defendant John Fredlund.

is presumed to have authority to prepare them, but the party against whom the pleadings are offered may show that he did not have knowledge of their contents.

A close question is presented whether the complaint should have been admitted under the rule of the Carlson case. However, we have concluded that if there was error in the exclusion of the complaint, it was not prejudicial because of the circumstances of the trial.

Plaintiff called two medical witnesses to testify on her behalf at the trial. Dr. E. H. Juers had treated plaintiff in the period between the two accidents and thereafter. He testified that "the accident of 8-20 is the sole or primary cause of her back ache." The other medical witness, Dr. Joseph N. Janes, did not first see plaintiff until November 28, 1967, several weeks after the second accident. Dr. Janes testified that he was unable to allocate cause of the lower back injury between the two accidents. Both doctors were thoroughly cross-examined about the injuries and their cause, and defendants were given full opportunity to establish that the Nelson accident contributed to the lower back injuries. Defendants did not request an adverse medical examination of plaintiff and presented no medical testimony of their own.

Defendants introduced pictures of the cars involved in each accident to depict the relative severity of each collision. Attorneys for the parties were allowed to freely argue to the jury regarding both accidents and the resultant injuries. For example, the attorney for defendants argued in part as follows:

"* * * So again, it is extremely important to analyze and determine whether the plaintiff has sustained the burden of proving not only the nature of the damages but that they in fact originated from the accident of August 20th. Now it is not incumbent upon my client through my actions to disprove anything. It is not necessary for us to prove that her condition arose from the accident of September 10th, some 20 days after our accident. That is not our burden. The burden is upon her and her attorneys in the presentation of the case to prove to you by the rules that

the Court sets out that her claimed injuries as they are claimed in court, did in fact originate and were sustained by reason of the accident of August 20th."

He then fully discussed the testimony and freely drew conclusions and inferences from it as to the cause of the injuries.

We do not condone the practice followed of alleging identical injuries in each lawsuit. However, taking the evidence as a whole and the freedom allowed defendants to prove that the second accident caused some or all of plaintiff's lower back injuries, we hold that if there was error in refusing admission of the complaint, it was not so prejudicial as to require a new trial.

■ Prior to the submission of the case to the jury, the trial court ruled, as a matter of law, that defendant Susan Fredlund was negligent and that the negligence was a direct and proximate cause of the accident. Defendants urge that the question of negligence should have been submitted to the jury.

Susan Fredlund testified on cross-examination as follows:

"Q. Do I understand your testimony to be, Miss Fredlund that you were only about a car or a car and a half away from the Knoblauch car [in which plaintiff was riding] when you noticed this insect?

"A. No, I said seven.

"Q. Seven car lengths?

"A. When I noticed the insect, and one and a half or two when I looked up and slammed on my brakes.

\* \* \* \* \*

"Q. Do I understand that you were approximately 130 feet approximately away from the Knoblauch car when you looked down at this insect?

"A. Yes.

"Q. And you were then approximately, what did you say, a car length or a car length and a half away when you next saw it? Do I have that straight?

"A. Yes.

"Q. So you traveled approximately 110 feet while you were looking down at this insect? Would that be a fair statement?

"A. Yes, looking down and brushing it off and looking back up."

The issue of negligence is for the jury except in those cases where it clearly appears to the trial court, after accepting the view of the evidence most favorable to the adverse party including all reasonable inferences to be drawn therefrom, that it would be its duty to set aside a contrary result as not justified by the evidence or as contrary to the law applicable to the case.

Obviously, each case must turn on its own facts and circumstances. Many times a jury question is involved. On the other hand, the nature of a rear-end collision is such that it alone may suggest negligence of the driver of the striking vehicle to a degree that he may be found negligent as a matter of law. Souden v. Johnson, 267 Minn. 151, 125 N. W. 2d 742 (1963); Sims v. Hallett Const. Co. 247 Minn. 339, 77 N. W. 2d 54 (1956) ; Prink v. Tonak, 273 Minn. 46, 140 N. W. 2d 70 (1966).

Not every allegation of a distraction warrants taking the question of negligence to the jury. In the Souden case, the defendant's automobile struck the vehicle in front of her after both cars had properly stopped for a traffic signal. Defendant testified that she turned around to look at one of her children and "was horrified to see she was covered with blotches." 267 Minn. 153, 125 N. W. 2d 743. Defendant thereupon eased up on the brake and struck the car ahead of her. This court held that defendant was negligent as a matter of law.

We have thoroughly reviewed the record, and it is our judgment that the facts clearly establish negligence as a matter of law. We find no error in the trial court's ruling.

Defendants assert that the evidence was insufficient to support the verdict and that the amount received in settlement of the Nelson case should have been admitted into evidence. We have considered these contentions and have concluded that they are without merit.

Affirmed.