(995 P.2d 401)

No. 82,045

STATE OF KANSAS, *Appellant,* v. TIMOTHY J. CHRISCO, *Appellee.*

Opinion filed December 30, 1999.

*Eric K. Rucker,* county attorney, and *Carla J. Stovall,* attorney general, for appellant.

*Keith D. Hoffman,* of Abilene, for appellee.

Before JUSTICE SIX, presiding, TERRY L. BULLOCK, District Judge, assigned, and ROBERT W. FAIRCHILD, District Judge, assigned.

SIX, J.: This is a K.S.A. 21-4721(d) dispositional departure sentencing case. Timothy J. Chrisco was convicted of three counts of aggravated indecent liberties with a child, K.S.A. 21-3504(a)(3)(A), and one count of indecent liberties with a child, K.S.A. 21-3503(a)(1). The district court granted a dispositional departure, sentencing Chrisco to 60 months probation. The State appeals.

The question is whether the departure was justified. We examine the district court's findings of fact and reasons for the dispositional departure. (1) Were they supported by evidence in the record; and (2) did they constitute substantial and compelling reasons for departing? We find the departure was not justified.

We reverse and remand for resentencing.

## FACTS

Chrisco lived for 11 years with J.M., the mother of two girls, 14-year-old A.M. and 12-year-old T.M. Chrisco and J.M. were the parents of three boys. The Chrisco-J.M. home in Abilene consisted of Chrisco, J.M., A.M., T.M, and the three young boys. A.M. left home after having a serious argument with J.M. A.M., followed by T.M., went to live with their grandmother and then to their father's home in South Dakota.

While in South Dakota, A.M. and T.M. were sent for counseling because of disciplinary problems at home and at school. (The girls had similar discipline problems when they lived in Abilene.) The girls revealed during counseling that Chrisco had been sexually abusing them. According to A.M., Chrisco would come into her room at night, reach under the covers, and touch her breasts and crotch area under her clothes. A.M. also said that Chrisco put his finger in her vagina. T.M.'s allegations were similar. T.M. told an investigator that Chrisco touched her both on top of and underneath her clothes, depending on what type of pajamas she was wearing. T.M. denied Chrisco ever penetrated her vagina with his fingers. Both girls alleged the conduct took place over a period of 3 to 4 years on an almost nightly basis.

A.M. and T.M. claimed they told their mother about the abuse on two separate occasions. J.M. responded that they must be mistaken.

The South Dakota counselor's report of the girls' story to local authorities triggered an investigation. Chrisco initially denied the allegations. He claimed the girls wanted him out of the house and would make up anything to accomplish that goal. When asked whether the acts alleged may have been perpetrated by someone else, Chrisco agreed it was possible. He said his older brother could have sexually abused the girls, as his older brother had sexually abused him.

Chrisco complied with a request from Dickinson County Deputy Sheriff Erik Bowell for further questioning. When Chrisco arrived at the station, Bowell *Mirandized* him. Chrisco signed a waiver of his rights. Deputy Bowell then told Chrisco that he had spoken with A.M. and T.M, and he thought they were telling the truth. Chrisco admitted fondling the girls, but only through their clothing. He denied ever putting his finger in A.M.'s vagina. Chrisco specifically admitted to the other acts as described by the girls. According to Chrisco, the acts took place about once every 2 weeks. Chrisco said that he would fondle them for a few minutes, until the girls awakened.

Chrisco's main concern was whether his three boys would be taken from him. At the conclusion of the interview, Deputy Bowell was concerned that Chrisco was suicidal.

Chrisco testified at trial. He claimed he only admitted to sexually abusing the girls because he was promised probation and counseling, and he thought it was an easy way to end the matter. Chrisco denied ever touching either girl in an inappropriate way. J.M. also testified. She claimed that the girls were lying.

A jury acquitted Chrisco of aggravated indecent liberties with a child through sexual intercourse (count I). The jury found Chrisco guilty on the remaining three counts of aggravated indecent liberties (counts II-IV) and indecent liberties (count V).

Chrisco moved for a durational and dispositional departure. He argued that: (1) a nonprison sanction would serve community safety interests by promoting offender reformation, (2) a treatment pro-

gram was available and ready to admit him, and (3) his incarceration would put an undue hardship on his three sons, as he would not be able to support them.

Chrisco's criminal history score was "G." His presumptive sentencing range was 57 to 64 months in prison on count II, 46 to 51 months in prison for counts III and IV, and 31 to 34 months in prison on count V. The district court sentenced Chrisco to 60 months on count II; 49 months on counts III and IV, and 32 months on count V. All sentences were to be served concurrently.

## DISCUSSION

Under K.S.A. 21-4721(d), a sentencing court's findings of fact and reasons justifying a departure must be: (1) supported by the evidence in the record; and (2) constitute substantial and compelling reasons for departure. A claim that the departure factors relied upon by the sentencing court do not constitute substantial and compelling reasons for departure is a question of law. *State v. Favela*, 259 Kan. 215, Syl. ¶ 6, 911 P.2d 792 (1996).

At sentencing, the defense presented several witnesses in support of Chrisco's motion to depart. The first was Dr. Robert Schulman, a clinical psychologist. He testified that based upon his interview and testing, Chrisco did not fit into the category of a pedophile. When asked whether Chrisco was a danger to society, Schulman said, "As far as I can tell, he is not." Dr. Schulman stated his clinic could treat Chrisco, if the court granted probation.

Chrisco's employer also testified. In the employer's opinion: (1) Chrisco was not a danger to society, (2) he would continue to employ Chrisco, and (3) Chrisco appeared to be a good father to his three boys. J.M. also testified. She said Chrisco had a close relationship with his three young boys and that it would be a detriment to the family if he were sent to prison. A.M. and T.M. did not testify. They asked their counselor in South Dakota to write a victim impact statement for them, and it was submitted to the court. A letter written by the counselor concerning why the girls did not testify in person at sentencing is not in the record on appeal.

### The District Court's Opinion

The district court found the following factors as the basis for granting Chrisco's motion for dispositional departure: (1) the vic-

tims were no longer in the home; (2) Chrisco is not a pedophile; (3) he is not a danger to society; (4) he is not a danger to children; (5) community interests are served by rehabilitation; (6) a program of treatment is available to which Chrisco can be admitted; and (7) Chrisco is supporting a family.

The district judge said, "[S]omething that is important to me is that these victims are no longer in the home. . . . [I]f the girls were still in the home, I think that the — I would probably be doing something different than I'm thinking I'm going to do." The judge also said that he gave "a good bit of weight" to Dr. Schulman's testimony.

When setting out the terms of Chrisco's probation, the district judge said, "I believe, Mr. Chrisco, you're going to have to examine yourself again. A jury found you guilty. Only you know in you own mind whether you really are or whether you really aren't. But this I know: Counseling will do no good unless and until, if you are guilty, that you face up to it."

### Substantial and Compelling Reasons

The State argues that the district court's reasons for departing do not rise to the level of substantial and compelling. The State particularly takes issue with the two factors relied on most heavily by the district court: (1) the victims were out of the home; and (2) Chrisco was not a pedophile.

We employ a two-step test in determining whether the departure is supported by substantial and compelling reasons. *State v. Richardson*, 20 Kan. App. 2d 932, 939-40, 901 P.2d 1 (1995). The first step is an evidentiary test: Are the facts stated by the sentencing judge in justification of departure supported by the record? The second is a law test: Are the reasons stated on the record for departure adequate to justify a sentence outside the presumptive sentence? If either test has not been met, the sentencing court has erred in imposing a departure sentence. 20 Kan. App. 2d at 940.

The State contends the fact that A.M. and T.M. are out of the home is neither a substantial nor compelling reason to depart. The State's argument focuses on the second step. The record shows that the victims were not living at Chrisco's home at the time of

sentencing. However, does their absence at the time of sentencing constitute a substantial and compelling reason to depart? We think not. Although no rationale was stated, we presume the district court reasoned that, in the girls' absence, Chrisco would not repeat the crimes. We are dubious of such a conclusion. Evidence submitted at sentencing suggested that Chrisco's continued presence in the home prevented the girls from seeing either their mother or three half brothers. Furthermore, questions were raised concerning the safety of the three boys remaining in the home.

The fact that the victims were no longer in the home at the time of sentencing does not mean that they will not be in the home in the near future. The girls wanted to be with their mother and three half-brothers. Under the district court's decision, the girls would not have an opportunity to return to their home without Chrisco present.

Chrisco may have the opportunity to repeat the crimes even in the girls' absence. Chrisco's sons are now arriving at the age T.M. and A.M. were when Chrisco began abusing the girls. The fact that victims of the crime of aggravated indecent liberties with a child are absent from the home does not constitute a mitigating factor in favor of granting probation when there are other children of tender years still at home who are at risk and the victims express a desire to return to the home.

We now turn to the issue of Chrisco's status as a pedophile or sex offender. On cross-examination, Dr. Schulman admitted that he intended to treat Chrisco for depression, not pedophilia.

"Q. [BY THE PROSECUTOR]:   Doctor, if he's not a — a pedophile, if he's not a sexual pervert, or if he is not a sexual molester, why would he need treatment?

"A. [BY DR. SCHULMAN]:   That's a good question, and I tried to state earlier, when I was speaking before, that the impact of all of this, the impact of the process he's been through, his veracity being challenged, the strength of the State, the County, the Court has caused him some additional anxiety and depression."

Dr. Schulman testified that Chrisco showed no signs of pedophilia and was not even a "sex offender." The State takes issue with the district court's reliance on that testimony. Although Dr. Schulman's opinion that Chrisco was not a pedophile or a sex offender

is in the record, the State questions its sufficiency as a matter of law.

Dr. Schulman's assessment of Chrisco was based solely on the information provided to him by Chrisco. Dr. Schulman's interview with Chrisco was approximately 2 to 2 1/2 hours. Chrisco received additional testing for a similar amount of time. Chrisco told Dr. Schulman that he did not commit the acts for which he was convicted. It is unclear whether Dr. Schulman knew that Chrisco was sexually abused by his older brother or that Chrisco admitted sexually abusing the girls when questioned by police. Yet, Dr. Schulman said, "I did not find any indications of any kind of sexual perversions or tendencies towards pedophilia." His assessment, however, was based on the assumption that Chrisco did not commit the crimes for which he was about to be sentenced. *Dr. Schulman admitted his diagnosis would change if he were to discover that Chrisco had in fact committed the crimes. The district judge acknowledged Dr. Schulman's reservation when he said, "Dr. Schulman is basing his testimony, to some degree, at least, on the fact that he believed you."*

*Favela* held that the sentencing court may rely on statements, even those made by counsel, if they are found to be trustworthy and reliable. 259 Kan. at 228. The district court here obviously found Dr. Schulman's testimony to be reliable. In matters of credibility, the district court's decision should be given great deference. See *Stoskopf v. Stoskopf*, 173 Kan. 244, Syl. ¶ 1, 245 P.2d 1180 (1952). This case raises the interesting question of whether, as a matter of law, testimony that controverts the jury's verdict may be relied upon by the court when sentencing a defendant on the crime being controverted. The State contends that if the district court thought the jury's verdict was erroneous, the remedy is to grant a judgment of acquittal or a new trial, rather than probation as a dispositional departure. We agree.

Dr. Schulman's testimony carried great weight with the district court—to the extent that the district court seemed to question whether Chrisco was in fact guilty. (Stating "if you are guilty" upon sentencing.) The district court appeared to minimize Chrisco's confession and the jury's guilty verdict. To say that Chrisco is neither

a pedophile nor a sex offender is to say that Chrisco did not commit the crimes for which he was convicted.

Expert testimony that excludes consideration of the crime committed should not, as a matter of law, be relied upon by the sentencing court as justification for granting a departure. Reliance on such testimony could be viewed as an abrogation of the jury's verdict. The goal of remedial punishment here should be treatment for Chrisco's disorder. However, the district court's decision allows Chrisco to remain at home and receive no counseling for pedophilia or other sexual disorders.

The district court also found that Chrisco was not a danger to children. According to the district court, Dr. Schulman so testified. Contrary to the district court's finding, Dr. Schulman never made such a statement. While there was testimony that Chrisco had a loving relationship with his three boys, there is nothing in the record to support a finding that Chrisco was not a danger to children. Thus, there was insufficient evidence to support the district court's finding that Chrisco was not a danger to children. See *State v. Gideon*, 257 Kan. 591, 622-23, 894 P.2d 850 (1995).

The district court also found that Chrisco was not a danger to society. Both Dr. Schulman and Chrisco's employer said that they did not believe Chrisco was a danger to society. The "no threat to society" factor was approved in *State v. Grady*, 258 Kan. 72, 87-88, 900 P.2d 227 (1995). However, Grady "ha[d] no prior criminal history and ha[d] a failed common-law or statutory defense that [was] not meritless." 258 Kan. at 88. We place significance on the fact that neither of those circumstances is present here. The *Grady* court reasoned that the absence of a criminal record and a meritorious, albeit failed, defense gave rise to a credible finding that "the defendant has no predisposition to commit a similar crime or any other crime." 258 Kan. at 88. Chrisco's defense was that the girls were lying and that he only confessed to sexually abusing them because it "was an easy way out." (Chrisco contended he was promised probation.) Chrisco also had a prior criminal record, including one felony conviction for forgery and four misdemeanor convictions. Under these circumstances it cannot be said that Chrisco has

no predisposition to commit a similar crime or any other crime and is thus not a danger to society.

The next two departure factors cited by the district court were that community interests would be served by rehabilitation and a treatment plan was available. Community interests are served by rehabilitating criminals. However, Chrisco may never receive treatment for his disorder under the terms of his present sentence. Thus, the sentence imposed does not provide for rehabilitation.

The district court sentenced Chrisco to probation knowing that Dr. Schulman sought to treat him only for depression and anxiety. Unless Chrisco admits his guilt to Dr. Schulman, he will receive no treatment for being a sex offender. The district judge understood this, as he said, "Counseling will do no good unless and until, if you are guilty, that you face up to it."

The finding that a treatment plan was available is without support because the treatment plan did not include treatment for the crime of conviction. The treatment plan outlined by Dr. Schulman did not include treatment for pedophilia or any other type of sexual disorder. Dr. Schulman's plan was to treat Chrisco for depression and anxiety once per week for a period of months, tapering off to less frequent visits. The availability of a treatment plan, as a reason for departing, carries with it the presumption that there is something to treat (*i.e.* drug addictions or other disorders). Chrisco's diagnosis had nothing to do with the crimes he committed. His diagnosis was depression and anxiety from being subjected to the criminal process. A plan of treatment, as a factor in favor of departing from the presumptive sentence, must necessarily include treatment for the behavior that caused the crime.

The last factor cited by the district court in favor of departure was that Chrisco is supporting a family. Chrisco was employed for 7 years by the testifying employer. We question the legal sufficiency of the "supporting a family" factor here because Chrisco was convicted of sexually abusing children in his home. Although there was testimony that Chrisco had a loving relationship with his sons, there is no evidence that he was not a danger to them if given probation. While we agree that supporting a family may be a proper departure factor in certain cases, its application is questionable

when there is reason to believe a defendant may harm the very children he is supporting.

In determining whether a departure was justified we must decide whether, as a whole, the factors cited are substantial and compelling reasons for imposing a departure "in light of the offense of conviction, the defendant's criminal history, and the purposes of the sentencing guidelines." *Grady*, 258 Kan. at 89. As a whole, the factors cited by the district court do not amount to substantial and compelling reasons for imposing a departure sentence here because the departure factors ignore Chrisco's criminal convictions.

This is a difficult case. It is important that we not infringe on the district court's ability to either accept or reject the testimony of witnesses in sentencing hearings. However, if we were to allow the district court's sentencing decision to stand, a questionable precedent would be set. Troubling questions would arise concerning what constitutes substantial and compelling grounds for departing from a presumptive sentence. For example, if the district court has accepted the jury's verdict, how can it also accept testimony that wholly contradicts the verdict? Similarly, when using the availability of treatment instead of prison time as a reason to depart, is treatment for "depression and anxiety" a valid substitute for sex offender rehabilitation? We decline to set a precedent which would answer either question in the affirmative.

Reversed and remanded for resentencing.